UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| RAHILA KHAN,<br><br>   Plaintiff,<br>   v.<br><br>RECONTRUST COMPANY, et al.,<br><br>   Defendants.<br>_____/ | No. C 12-01107 LB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Re: ECF No. 6] |

## I. INTRODUCTION

Plaintiff Rahila Khan, proceeding *pro se*, filed this action against defendants ReconTrust Company ("ReconTrust") and Bank of America, N.A. ("Bank of America") (collectively, "Defendants") for claims based on the circumstances surrounding her mortgage loans and her subsequent default on those loans. Defendants now move to dismiss Ms. Khan's complaint. Upon consideration of the papers submitted and the applicable legal authority, the court GRANTS Defendants' motion and DISMISSES WITHOUT PREJUDICE Ms. Khan's complaint.[1]

## II. BACKGROUND

Ms. Khan alleges that in September 2006, she entered into two mortgage loans—one for $548,000 and one for $137,000—which she used to purchase property at 40224 Blanchard Street,

---

[1] All parties have consented to the undersigned's jurisdiction. Consent (Defendants), ECF No. 8; Consent (Plaintiff), ECF No. 9. Pursuant to Civil Local Rule 7-1(b), the court finds this matter to be suitable for determination without oral argument and vacates the July 5, 2012 hearing.

C 12-01107 LB
ORDER

Fremont, California. Complaint, ECF No. 1 at 8, 16[2]; Request for Judicial Notice ("RJN"), ECF No. 6-1, Exs. B, C.[3] She alleges that she "engaged the services" of non-party "Golden State" to procure these loans. Complaint, ECF No. 1 at 8. Specifically, she was assisted by "a male mortgage broker Thomas," a female employee" named "Mary," and an unnamed "male supervisor," all of whom were employees of Golden State, to do so. *Id.* Ms. Khan alleges that although her primary language is Urdu (a language similar to Hindi) and that she could not read and understand the terms of the loans as set forth in the loan documents, none of the Golden State employees provided her with a translation of them. *Id.* Instead, they orally made representations, or, as she alleges, misrepresentations, about what the terms of the loans were. *Id*. at 8-9. Ms. Khan ultimately signed the loan documents, and the lender was non-party Accredited Home Lenders, Inc. ("Accredited"). *Id*. at 9-12.

Ms. Khan alleges that Golden State, Accredited, non-party Countrywide Financial Corporation ("Countrywide") (the previous servicer of her loans which was later purchased by Bank of America), non-party "Deutsche," and non-party Morgan Stanley Trust Home Equity Loan Trust

---

[2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

[3] Defendants ask the court to take judicial notice of the following documents: (1) a Notice of Entry of the Alameda County Superior Court's order sustaining the defendants' unopposed demurrer and granting Ms. Khan leave to amend her complaint; (2) a grant deed that was recorded with the Alameda County Recorder's Office on September 18, 2006; (3) a deed of trust that was recorded with the Alameda County Recorder's Office on September 18, 2006; and (4) a notice of default that was recorded with the Alameda County Recorder's Office on September 21, 2011. RJN, ECF No. 6-1 at 2, Exs. A-D.

The court may take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Because the documents listed above are public records, the court may take judicial notice of the undisputed facts contained in them. *See Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); Fed. R. Evid. 201(b); *see also Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 264-67 (2011). The court does so now.

The court notes that while Ms. Khan alleges that her loans were for the amounts of $548,000 and $137,000, the deed of trust provided by Defendants suggests that at least one of her loans was for $460,000. *See* RJN, ECF No. 6-1, Ex. C.

C 12-01107 LB
ORDER
2

2007-2, Mortgage Pass Through Certificates, Series 2007-2 (the "Morgan Stanley Trust") entered into a Pooling and Service Agreement ("PSA") on March 1, 2007, and that this PSA created a joint venture among these entities. *Id*. at 4, 14-15.

In January 2009, Ms. Khan began falling behind on her mortgage payments "because the interest rates were exorbitant and it was impossible for her to [make them]." *Id*. at 47. Thereafter, she alleges that she sought, and/or thought she received, trial loan modifications on three occasions from Bank of America. *See id*. at 48-49. On the first occasion, Ms. Khan alleges that she obtained a loan modification in September 2009 and that she made modified payments in October and November 2009, but that Bank of America cancelled the modification, stating that it never received all of the required paperwork (a claim she denies). *Id*. at 48. On the second occasion, Ms. Khan alleges that she obtained a loan modification in January 2010 and that she made modified payments in February and March 2010, but that Bank of America cancelled the modification without giving any reason for its doing so. *Id*. On the third occasion, Ms. Khan alleges that she obtained a loan modification in April 2010. *Id*. at 49. She alleges that she was required to supply additional information and that she believed the modification was in place until she received a Notice of Default from ReconTrust. *Id*. The Notice of Default states that Ms. Khan was behind on her mortgage payments by $151,302.53 as of September 20, 2011. RJN, ECF No. 6-1, Ex. D. Attached to the Notice of Default is a declaration of Chamkiri Miller, a Mortgage Servicing Specialist II at Bank of America, who marked a box indicating that Bank of America "tried with due diligence to contact [Ms. Khan] in accordance with California Civil Code § 2923.5." *Id*. The box indicating that Bank of America "has contacted [Ms. Khan] to assess [her] financial situation and explore options for [her] to avoid foreclosure" was not marked. *Id*. In any event, Ms. Khan alleges that she "never was contacted by [Ms.] Miller, even though she (Ms. Khan) was available via telephone, mail, and email." Complaint, ECF No. 1 at 51.

Ms. Khan further alleges that Bank of America took over as the servicer of her loans in September 2009. Complaint, ECF No. 1 at 47.

It does not appear from the record that a Notice of Trustee's Sale has been recorded or that a foreclosure sale has occurred. *See generally* Complaint, ECF No. 1; RJN, ECF No. 6-1.

C 12-01107 LB
ORDER
3

Ms. Khan filed this action against ReconTrust and Bank of America on March 6, 2012. Complaint, ECF No. 1. She alleges claims for (1) fraud, (2) violation of TILA, (3) violation of RESPA, and (4) wrongful foreclosure in violation of California Civil Code §§ 2923.5 and 2924. *See id.* On March 29, 2012, Defendants filed a motion to dismiss Ms. Khan's complaint. Motion, ECF No. 6. Ms. Khan opposes Defendants' motion. Opposition, ECF No. 11.

### III. LEGAL STANDARD

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation and citation omitted).

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines

1 that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203
2 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California*
3 *Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure
4 deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963
5 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had
6 instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to
7 amend).

**IV. DISCUSSION**

A. Fraud

In her first cause of action, Ms. Khan alleges a fraud claim against Bank of America. Complaint, ECF No. 1 at 54-56. Her claim is based upon the alleged failure of the Golden State employees to provide her with a translation of the loan documents and their alleged misrepresentation of the terms of the loans. *See id.* Bank of America, she alleges, is liable for the Golden State employees' "fraudulent conduct." *Id.* at 56.

"A cause of action for fraud [under California law] requires the plaintiff to prove (a) a knowingly false misrepresentation by the defendant, (b) made with the intent to deceive or to induce reliance by the plaintiff, (c) justifiable reliance by the plaintiff, and (d) resulting damages." *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192 (9th Cir. 2001) (quoting *Wilkins v. Nat'l Broadcasting Co., Inc.*, 71 Cal. App. 4th 1066, 1082 (1999)); *see also* Cal. Civ. Code § 1572.

Bank of America moves to dismiss this claim on two grounds. First, it argues that Ms. Khan has not alleged any fraudulent conduct with the level of specificity required by Federal Rule of Civil Procedure 9(b). Motion, ECF No. 6 at 6-7. Rule 9(b)'s particularity requirement applies to state-law causes of action when the claim is "grounded in fraud." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103 (9th Cir. 2003). In order to recover under fraud-based claims, a "party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Allegations of fraud must be stated with "specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d

1058, 1066 (9th Cir. 2004)); *see Vess v. Civa-Geigy, Inc.,* 317 F.3d 1097, 1106 (9th Cir. 2003) (allegations of fraud must include "the who, what, when, where, and how" of the misconduct charged). In order to survive a motion to dismiss, "'allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Id.* (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). Further, when there are multiple defendants, a plaintiff cannot lump the defendants together, but must differentiate so as to inform each defendant of their alleged wrongdoings. *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007) (holding that plaintiffs' complaint failed to meet Rule 9(b) requirements when allegations of fraud against multiple defendants did not state specific misconduct of each).

Ms. Khan's allegations are pled with particularity and meet the standards articulated above, but not with respect to Bank of America. She alleges that when she entered into the mortgage loans in September 2006 the three Golden State employees misrepresented her income so that she would qualify for the loans they brokered and misrepresented that terms of the loans relating to prepayment penalties, interest rates, and occupation requirements. *See* Complaint, ECF No. 1 at 21-25. Her allegations are sufficiently particular to allege a claim against Golden State. But Golden State is not a defendant in this action.

Nowhere in her complaint does Ms. Khan allege facts to support the claim that Bank of America committed fraud. *See generally id.* Instead, she argues that Bank of America's alleged participation is an alleged joint venture makes it liable for the acts of Golden State's employees. Even if she sufficiently alleged that joint venture existed—which she does not[4]—she presents no authority for the claim that Bank of America is somehow vicariously liable for the acts of Golden State's employees. In short, Ms. Khan has not alleged a claim for fraud against Bank of America.

Even so, Bank of America argues that her claim is time-barred. Motion, ECF No. 6 at 6. For a

---

[4] "There are three basic elements of a joint venture: the members must have joint control over the venture (even though they may delegate it), they must share the profits of the undertaking, and the members must each have an ownership interest in the enterprise." Orosco v. Sun-Diamond Corp., 51 Cal. App. 4th 1659, 1666 (1997). Ms. Kahn alleges no facts to support her assertion that Defendants were members of a joint venture. *See generally* Complaint, ECF No. 1.

fraud claim, a plaintiff must file a complaint within three years of the date upon which he or she knew of the facts constituting the fraud. *See* Cal. Code Civ. P. § 338(d). A plaintiff asserting equitable tolling with respect to a fraud claim must "specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005).

Ms. Khan signed the loan documents in September 2006 but she did not file her complaint until March 2012. Because her fraud claim is based on the Golden State employees' actions in connection to the formation of the original loans, her claim appears to be time-barred. Of course, the statute of limitations may be subject to tolling, but Ms. Khan has alleged no facts showing her inability to discover the fraud despite her due diligence.

Accordingly, Ms. Khan's fraud claim fails. It is dismissed with leave to amend.

B. TILA

In her second cause of action, Ms. Khan alleges that Defendants violated TILA. Complaint, ECF No. 1 at 56-58. She seeks both damages and rescission of the loan agreements. *Id*. at 58.

TILA aims to "avoid the uninformed use of credit." 15 U.S.C. § 1601(a). It "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980) (quoting 15 U.S.C. § 1601). It "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (citing 15 U.S.C. §§ 1631, 1632, 1635 & 1638). TILA disclosure requirements, though, do not apply to forbearance or loan modification agreements that simply reduce the interest rate and payment schedule of a loan. *See Norton–Griffiths v. Wells Fargo Home Mortgage*, 2011 WL 61609, at * 5–7 (D. Vt. Jan. 4, 2011). Violation of TILA provides borrowers with two potential forms of relief: rescission and monetary damages. 15 U.S.C. §§ 1635, 1640.

Defendants move to dismiss Ms. Khan's claim on statute of limitations grounds. Motion, ECF No. 6 at 8. If a lender fails to disclose material information required by TILA, a borrower has a right to rescind within three years of consummation of the loan. 15 U.S.C. § 1635(f); *see King v.*

*California*, 784 F.2d 910, 913 (9th Cir. 1986). The three-year period for a TILA rescission claim is not subject to equitable tolling. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). In addition, a borrower has a right to monetary damages within one year of consummation of the loan. 15 U.S.C. § 1640(e); *see King*, 784 F.2d at 915. Unlike for rescission claims, "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA [damages] action." *Id.* Such tolling, however, is available only if "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000), *overruled on different grounds by Socop–Gonzalez v. INS*, 272 F.3d 1176, 1194 (9th Cir. 2000).

Here, Ms. Khan entered into the mortgage loans in September 2006, but she did not file her complaint until March 2012. Her claim for rescission, then, is time-barred. Her claim for damages also appears to be time-barred, as she alleges no facts to suggest that tolling is appropriate. But it is not clear from her complaint that she would not be able to do so if given the opportunity.

Accordingly, Ms. Khan's TILA rescission claim is dismissed with prejudice. Her TILA damages claim, though, is dismissed with leave to amend.

C.  RESPA

In her third cause of action, Ms. Khan alleges a claim for violation of RESPA. Complaint, ECF No. 1 at 58-59. Her claims is based on the allegations that Defendants either gave or accepted a fee, kickback, or thing of value pursuant to an agreement or understanding that business incident to or part of a real estate settlement service would be referred to them. *Id.* at 59.

RESPA protects home buyers "from unnecessarily high settlement charges by certain abusive practices." 12 U.S.C. § 2601(a). 12 U.S.C. § 2607(a), for example, prohibits the acceptance of "any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person."

The only fees, kickbacks, or things of value that Ms. Kahn alleges appear to be the loan origination fee, processing fee, and yield spread fee that she alleges Accredited paid to Golden State.

*See id*. at 11. She does not allege that Bank of America or Recontrust received any fee, kickback, or thing of value. *See generally id*. Ms. Kahn's claim fails for this reason alone, as she simply does not allege that Bank of America or ReconTrust violated RESPA.

Even if she did, though, as Defendants correctly point out, claims brought under 12 U.S.C. § 2607 are subject to a one-year statute of limitation, which begins to run when the violation occurs. 12 U.S.C. § 2614. Ms. Kahn's RESPA-related allegations describe fees that were provided by Accredited and accepted by Golden State at the outset of her loans. Complaint, ECF No. 1 at 11. She did not file her complaint until March 2012, and she does not allege facts to show that tolling of the statute of limitations is appropriate. *See Santa Maria*, 202 F.3d at 1178 (9th Cir. 2000); *see also Ancheta v. Golden Empire Mortg., Inc.*, No. 10–CV–05589–LHK, 2011 WL 826177, at *5 (N.D. Cal. Mar. 7, 2011) ("Although the Ninth Circuit has not decided whether or not equitable tolling applies to RESPA claims, the court applies the principles announced by the Ninth Circuit regarding equitable tolling of TILA claims."). So, while it appears that her RESPA claim is time-barred, it is not clear that she would not be able to allege tolling if given the opportunity.

Accordingly, Ms. Kahn's RESPA claim is dismissed with leave to amend.

D. Wrongful Foreclosure

In her fourth cause of action, Ms. Kahn alleges that Defendants violated California Code of Civil Procedure §§ 2329.5 and 2924, which set forth certain foreclosure-related requirements. Complaint, ECF No. 1 at 59-62. Essentially, Ms. Kahn alleges that Bank of America did not attempt to contact her to assess her financial situation and explore options for her to avoid foreclosure (despite Ms. Miller's declaration stating the contrary) and that the Notice of Default that Bank of America caused ReconTrust to record was deficient. *See id*. at 50-51.

Section 2923.5 obligates a party to contact a borrower by phone or in person at least 30 days before filing a notice of default in order to "explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5(a)(2). The statute also requires a notice of default to include "a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower" or "has tried with due diligence to contact the borrower as required by this section." Cal. Civ. Code § 2923.5(b). "The right conferred by section 2923.5 is a right to be contacted to 'assess' and 'explore' alternatives to

1  foreclosure prior to a notice of default." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 225
2  (2010). "Any 'assessment' must necessarily be simple—something on the order of, 'why can't you
3  make your payments?' . . . . Exploration must necessarily be limited to merely telling the borrower
4  the traditional ways that foreclosure can be avoided . . . , as distinct from requiring the lender to
5  engage in a process that would be functionally indistinguishable from taking a loan application in
6  the first place." *Id*. at 232. "The only remedy provided [for a violation of Section 2923.5] is a
7  postponement of the sale before it happens." *Id*. at 235 (emphasis in original).

8  Section 2924 requires a notice of default to "set[ ] forth the nature of each breach actually known
9  to the beneficiary." Cal. Civ. Code § 2924(a)(1). A valid notice of default "must contain at least
10 one correct statement of a breach of an obligation the deed of trust secures. Moreover, the breach
11 described in the notice of default must be substantial enough to authorize use of the drastic remedy
12 of nonjudicial foreclosure. If a notice of default does not satisfy these requirements, then the notice
13 is invalid and the lender cannot exercise the power of sale based on that notice." *Anolik v. EMC*
14 *Mortgage Corp.*, 128 Cal. App. 4th 1581, 1589 (2005). A notice of default is not void under Section
15 2924 where it contains only "slight procedural irregularit[ies]" which result in no prejudice to the
16 plaintiff. *Knapp v. Doherty*, 123 Cal. App. 4th 76, 94 (2004) (premature mailing of sale notice did
17 not justify setting aside sale where borrowers had adequate notice of sale date); *see also Pantoja v.*
18 *Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009) (rejecting request to
19 invalidate sale based on allegation that notice of default failed to name the proper beneficiary).

20 Defendants first argue that Ms. Kahn's wrongful foreclosure claim fails because she lacks
21 standing to challenge the foreclosure process as she has failed to tender the obligation in full or even
22 allege that she could. Motion, ECF No. 6 at 5-6.[5] The court agrees. *See Ngoc Nguyen v. Wells*

---

[5] "Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a 'valid and viable tender [offer] of payment of the indebtedness.'" *Pantoja*, 640 F. Supp. 2d at 1184 (quoting *Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117 (1971)); *see also Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984) ("[A]n action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security.) "A plaintiff must (1) demonstrate a willingness to pay and (2) show the ability to pay." *Pantoja*, 640 F. Supp. 2d at 1184 (citing *In re Worcester*, 811 F.2d 1224, 1231 (9th Cir. 1987)) (emphasis added)

*Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1033-34 (N.D. Cal. 2010) (dismissing plaintiffs' wrongful foreclosure and quiet title claims on the basis that they failed to tender the amount due under the loan in full). "[I]t is sensible to require that a trustor, whose default to begin with resulted in the foreclosure, give proof before the sale is set aside that he now can redeem the property." *U.S. Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (1985). Accordingly, courts in this district have held that when a foreclosure is pending a debtor must allege the ability to fully tender the obligation to proceed on a cause of action for wrongful foreclosure. *See*, *e.g.*, *Alicea v. GE Money Bank*, C 09-00091 SBA, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009). And California courts apply the same tender rule to quiet title that applies in a wrongful foreclosure action. *See Roque v. Suntrust Mortg., Inc.*, No. C–09–00040 RMW, 2010 WL 546896, at *6 (N.D. Cal. Feb. 10, 2010). Because Ms. Kahn fails to allege any ability or willingness to tender the amount owed (which, according to the Notice of Default, is $151,302.53), her wrongful foreclosure claim fails.[6]

---

[6] Defendants also argue that Ms. Kahn's claim fails because they met the statutory requirements by undertaking three loan modification reviews from 2009 through April 2010, as Ms. Kahn alleges. Motion, ECF No. 10; see Complaint, ECF No. 1 at 48-49. The court is not so sure that these reviews suffice. As Judge Whyte recently explained:

> Defendants first argue that they met the statutory requirement to "explore[ ] loss mitigation" because plaintiff had already been granted a loan modification by the time the notice was issued. Dkt. No. 5 at 15. The court disagrees. The gravamen of plaintiff's claim is that defendants filed the notice without addressing his repeated complaints that [Bank of America] had unilaterally and surreptitiously changed the terms of the modification agreement. Under such circumstances, the fact that plaintiff's loan had been modified more than a year earlier has little bearing on whether defendants were in compliance with Section 2923.5 at the time the notice was issued. As the California Court of Appeal has explained, "compliance with section 2923.5 is necessarily an individualized process. After all, the details of a borrower's financial situation and the options open to a particular borrower to avoid foreclosure are going to vary, sometimes widely, from borrower to borrower." *Id*. Given that it appears to have been clear by the summer of 2011 that a determination of the parties' obligations under the modification agreement was in order, Section 2923.5 put the onus on the bank to clarify the status of plaintiff's loan before filing a notice of default.

C 12-01107 LB
ORDER
11

Accordingly, Ms. Kahn's wrongful foreclosure claim is dismissed with leave to amend.

## V.  CONCLUSION

Based on the foregoing, the court GRANTS Defendants' motion to dismiss.  Ms. Kahn's TILA rescission claim is DISMISSED WITH PREJUDICE, and her other claims are DISMISSED WITHOUT PREJUDICE.  Ms. Kahn may file a First Amended Complaint within 21 days from the date of this order.

**IT IS SO ORDERED.**

Dated: July 2, 2012

_____
LAUREL BEELER
United States Magistrate Judge

---

*Robinson v. Bank of America*, No. 12–CV–00494–RMW, 2012 WL 1932842, at *8 (N.D. Cal. May 29, 2012).  In any event, because Ms. Kahn's wrongful foreclosure claim fails for the reason stated above, the court need not address this argument further now.