UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

RAHILA KHAN,

Plaintiff,

v.

RECONTRUST COMPANY, et al.,

Defendants.

_______________________________________/

No. C 12-01107 LB

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

[Re: ECF No. 23]

## I. INTRODUCTION

Plaintiff Rahila Khan, proceeding *pro se*, filed this action against defendants ReconTrust Company ("ReconTrust") and Bank of America, N.A. ("Bank of America") (collectively, "Defendants") for claims based on the circumstances surrounding her mortgage loans and her subsequent default on those loans. Defendants move to dismiss Ms. Khan's First Amended Complaint ("FAC"). Upon consideration of the papers submitted and the applicable legal authority, the court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion as follows.[1]

## II. BACKGROUND

Ms. Khan alleges that in September 2006, she entered into two mortgage loans, which she used

[1] All parties have consented to the undersigned's jurisdiction. Consent (Defendants), ECF No. 8; Consent (Plaintiff), ECF No. 9. Pursuant to Civil Local Rule 7-1(b), the court finds this matter to be suitable for determination without oral argument and vacates the November 1, 2012 hearing.

UNITED STATES DISTRICT COURT
For the Northern District of California

to purchase property at 39959 Michelle Street, Fremont, California. FAC, ECF No. 22, ¶ 2[2]; Request for Judicial Notice ("RJN"), ECF No. 6-1, Exs. B, C.[3] In January 2009, Ms. Khan began falling behind on her mortgage payments "because the interest rates were exorbitant and it was impossible for her to [make them." FAC, ECF No. 22, ¶ 13. Thereafter, she alleges that she sought, and/or thought she received, trial or permanent loan modifications on three occasions from Bank of America. *Id.*, ¶ 14(A)-(C). On the first occasion, Ms. Khan alleges that she obtained a loan modification in September 2009 and that she made modified payments in October and November 2009, but that Bank of America cancelled the modification, stating that it never received all of the required paperwork (a claim she denies). *Id.*, ¶ 14(A). On the second occasion, Ms. Khan alleges that she obtained a loan modification in January 2010 and that she made modified payments in February and March 2010, but that Bank of America cancelled the modification without giving any reason for its doing so. *Id.*, ¶ 14(B). On the third occasion, Ms. Khan alleges that she obtained a loan modification in April 2010. *Id.*, ¶ 14(C). She alleges that she was required to supply additional information and that she believed the modification was in place until she received a Notice of Default from ReconTrust. *Id.*

The Notice of Default, which was recorded by ReconTrust on September 21, 2011, states that Ms. Khan was behind on her mortgage payments by $151,302.53 as of September 20, 2011. RJN,

---

[2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

[3] The court previously took judicial notice of the following documents: (1) a Notice of Entry of the Alameda County Superior Court's order sustaining the defendants' unopposed demurrer and granting Ms. Khan leave to amend her complaint; (2) a grant deed that was recorded with the Alameda County Recorder's Office on September 18, 2006; (3) a deed of trust that was recorded with the Alameda County Recorder's Office on September 18, 2006; and (4) a notice of default that was recorded with the Alameda County Recorder's Office on September 21, 2011. 7/2/2012 Order, ECF No. 16 at 2 n.3; *see* RJN, ECF No. 6-1 at 2, Exs. A-D.

Defendants ask the court to take judicial notice of these same documents once more. Because the court already did so, it need not do it again. Defendants also ask the court to take judicial notice of its own 7/2/2012 Order, but the court does not need to take judicial notice of its own order.

ECF No. 6-1, Ex. D. Attached to the Notice of Default is a declaration of Chamkiri Miller, a Mortgage Servicing Specialist II at Bank of America, who marked a box indicating that Bank of America "tried with due diligence to contact [Ms. Khan] in accordance with California Civil Code § 2923.5." *Id*. The box indicating that Bank of America "has contacted [Ms. Khan] to assess [her] financial situation and explore options for [her] to avoid foreclosure" was not marked. *Id*. In any event, Ms. Khan alleges that she "never was contacted by [Ms.] Miller, even though she (Ms. Khan) was available via telephone, mail, and email." FAC, ECF No. 22, ¶ 18.

It does not appear from the record that a Notice of Trustee's Sale has been recorded or that a foreclosure sale has occurred. *See generally* FAC, ECF No. 22; RJN, ECF No. 6-1.

Ms. Khan filed this action against ReconTrust and Bank of America on March 6, 2012. The court dismissed her original complaint on July 2, 2012, but allowed her to file an amended one. 7/2/2012 Order, ECF No. 16. She did so on September 6, 2012. FAC, ECF No. 22. As she did in her original complaint, she alleges claims for (1) fraud, (2) violation of TILA, (3) violation of RESPA, and (4) wrongful foreclosure in violation of California Civil Code §§ 2923.5 and 2924. *See id*.

On September 19, 2012, Defendants filed a motion to dismiss Ms. Khan's First Amended Complaint. Motion, ECF No. 23. Ms. Khan did not file an opposition.

## III. LEGAL STANDARD

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation and citation omitted).

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

## IV. DISCUSSION

### A. Fraud

In her first cause of action, Ms. Khan again alleges a fraud claim against Bank of America. FAC, ECF No. 22, ¶¶ 27-31. This time, her claim is based upon Bank of America's alleged failure to provide her with a permanent loan modification.[4]

[4] In her original complaint, Ms. Khan's fraud claim was based on the alleged failure of certain employees of non-party "Golden State," to provide her with a translation of the loan documents and their alleged misrepresentation of the terms of the loans. *See* Complaint, ECF No. 1 at 8-9. She alleged that Bank of America was liable for the Golden State employees' "fraudulent

UNITED STATES DISTRICT COURT
For the Northern District of California

Bank of America moves to dismiss this claim on two grounds. First, it argues that Ms. Khan has not alleged any fraudulent conduct with the level of specificity required by Federal Rule of Civil Procedure 9(b). Motion, ECF No. 23 at 6. Rule 9(b)'s particularity requirement applies to state-law causes of action when the claim is "grounded in fraud." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103 (9th Cir. 2003). In order to recover under fraud-based claims, a "party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Allegations of fraud must be stated with "specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)); *see Vess v. Civa-Geigy, Inc.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (allegations of fraud must include "the who, what, when, where, and how" of the misconduct charged). In order to survive a motion to dismiss, "'allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Vess*, 317 F.3d at 1106 (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). Further, when there are multiple defendants, a plaintiff cannot lump the defendants together, but must differentiate so as to inform each defendant of their alleged wrongdoings. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (holding that plaintiffs' complaint failed to meet Rule 9(b) requirements when allegations of fraud against multiple defendants did not state specific misconduct of each).

The court disagrees that Ms. Khan's fraud allegations are not pled with sufficient particularity. While she does not allege the names of the individuals with whom she spoke or corresponded with, *see* FAC, ECF No. 22, ¶¶ 14(A)-(C), documents attached to her complaint do show that she was offered a loan modification and include the names of several individuals involved in the process. *See* FAC, ECF No. 22 at 32-38; FAC Exhibits, ECF No. 22-1 at 1-23. These documents, paired with her allegations that she was offered loan modifications at other times and that she never actually

conduct." *Id*. at 56. Ms. Khan abandons this theory in her First Amended Complaint.

received one, are sufficient at this point. In other words, the court finds that her allegations against Bank of America are "'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Vess*, 317 F.3d at 1106 (quoting *Bly-Magee*, 236 F.3d at 1019).

Bank of America also argues that Ms. Khan simply does not sufficiently allege a claim for fraud based on the loan modification process. Motion, ECF No. 23 at 7-8. The court disagrees. "A cause of action for fraud [under California law] requires the plaintiff to prove (a) a knowingly false misrepresentation by the defendant, (b) made with the intent to deceive or to induce reliance by the plaintiff, (c) justifiable reliance by the plaintiff, and (d) resulting damages." *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192 (9th Cir. 2001) (quoting *Wilkins v. Nat'l Broadcasting Co., Inc.*, 71 Cal. App. 4th 1066, 1082 (1999)); *see also* Cal. Civ. Code § 1572. Bank of America makes several arguments. First, it points out that Ms. Khan's allegations about the amount of some of her payments do not correspond to one another, Motion, ECF No. 22 at 7, but the court sees this as a minor issue that can be resolved through discovery. It does not prevent Bank of America from being on notice of her allegations. Second, Bank of America argues that, while it indeed offered Ms. Khan a loan modification on December 22, 2009, the deadline to accept that offer was January 21, 2010, and Ms. Khan did not meet that deadline. Motion, ECF No. 23 at 7. This, it says, shows that Ms. Khan cannot demonstrate any intent to deceive. *Id*. It is true that the offer stated that Ms. Khan needed to return the signed agreement by January 21, 2010, *see* FAC, ECF No. 22 at 35, but subsequent correspondence, attached to her complaint, suggests that Ms. Khan asked for an extension of that date and that Bank of America may have given it to her. *See id*. at 33; FAC Exhibits, ECF No. 22-1 at 9. Thus, Bank of America's argument that Ms. Khan's acceptance of the loan modification, dated May 20, 2010, is not dispositive at this point. Bank of America also argues that Ms. Khan does not allege justifiable reliance or resulting damage, Motion, ECF No. 23 at 8, but this is not correct, *see* FAC, ECF No. 22, ¶ 30.

According, Bank of America's motion to dismiss Ms. Khan's fraud claim is **DENIED**.

**B. <u>TILA</u>**

In her second cause of action, Ms. Khan again alleges that Defendants violated TILA. FAC, ECF No. 22, ¶¶ 32-42. She appears to seek actual and statutory damages. *See id.*, ¶¶ 40-41.

As the court explained in its previous order, TILA aims to "avoid the uninformed use of credit." 15 U.S.C. § 1601(a). It "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980) (quoting 15 U.S.C. § 1601). It "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (citing 15 U.S.C. §§ 1631, 1632, 1635 & 1638). TILA disclosure requirements, though, do not apply to forbearance or loan modification agreements that simply reduce the interest rate and payment schedule of a loan. *See Norton–Griffiths v. Wells Fargo Home Mortgage*, 2011 WL 61609, at * 5–7 (D. Vt. Jan. 4, 2011). Violation of TILA provides borrowers with two potential forms of relief: rescission and monetary damages. 15 U.S.C. §§ 1635, 1640.

Defendants again move to dismiss Ms. Khan's claim on statute of limitations grounds. Motion, ECF No. 6 at 8. Under TILA, a borrower has a right to monetary damages within one year of consummation of the loan. 15 U.S.C. § 1640(e); *see King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Unlike for rescission claims, "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA [damages] action." *Id*. Such tolling, however, is available only if "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000), *overruled on different grounds by Socop–Gonzalez v. INS*, 272 F.3d 1176, 1194 (9th Cir. 2000).

Here, Ms. Khan entered into the mortgage loans in September 2006, but she did not file her complaint until March 2012. The court previously dismissed her claim because she failed to allege any facts to support tolling, *see* 7/2/2012 Order, ECF No. 16 at 8, and she does not remedy this problem in her First Amended Complaint, *see* FAC, ECF No. 22, ¶¶ 32-42. While she provides a citation for the point that equitable tolling may be available for TILA claims, she alleges no facts

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

whatsoever in support of tolling in this action.[5] Because the court pointed out this problem in its previous order, but Ms. Khan failed to fix it, her TILA damages claim is **DISMISSED WITH PREJUDICE**. *See Ferdik*, 963 F.2d at 1261.

**C. <u>RESPA</u>**

In her third cause of action, Ms. Khan alleges a claim for violation of RESPA. FAC, ECF No. 22, ¶¶ 43-44. Her claim is based on the allegations that Defendants either gave or accepted a fee, kickback, or thing of value pursuant to an agreement or understanding that business incident to or part of a real estate settlement service would be referred to them. *Id.*, ¶ 44.

RESPA protects home buyers "from unnecessarily high settlement charges by certain abusive practices." 12 U.S.C. § 2601(a). 12 U.S.C. § 2607(a), for example, prohibits the acceptance of "any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person."

In her original complaint, Ms. Khan did not allege that Bank of America or Recontrust received any fee, kickback, or thing of value. *See generally* Complaint, ECF No. 1. That was one of the reasons the court dismissed her claim. 7/2/2012 Order, ECF No. 16 at 8-9. She again fails to make any such allegation in her First Amended Complaint. *See generally* FAC, ECF No. 22. Once again, Ms. Kahn's claim fails for this reason alone, as she simply does not allege that Bank of America or ReconTrust violated RESPA. Accordingly, Ms. Kahn's RESPA claim is **DISMISSED WITH PREJUDICE**. *See Ferdik*, 963 F.2d at 1261.

**D. <u>Wrongful Foreclosure</u>**

In her fourth cause of action, Ms. Kahn again alleges that Defendants violated California Code of Civil Procedure §§ 2329.5 and 2924, which set forth certain foreclosure-related requirements. FAC, ECF No. 22, ¶¶ 45-55. Essentially, Ms. Kahn alleges that Bank of America did not attempt to

---

[5] Ms. Khan does allege that the facts regarding her discovery of the TILA violations "are the same and identical as" those alleged in support of her fraud claim, *see* FAC, ECF No. 22, ¶ 42, but, as the court noted above, those facts all relate to the purported loan modifications, not the loan origination, and so they do not support her tolling of her TILA claim.

UNITED STATES DISTRICT COURT
For the Northern District of California

contact her to assess her financial situation and explore options for her to avoid foreclosure (despite Ms. Miller's declaration stating the contrary) and that the Notice of Default that Bank of America caused ReconTrust to record was deficient. *See* id., ¶¶ 46-49.

As they did in their first motion to dismiss, Defendants argue that Ms. Kahn's wrongful foreclosure claim fails because she lacks standing to challenge the foreclosure process as she has once again failed to tender the obligation in full or even allege that she could. Motion, ECF No. 6 at 5-6.[6] They are right. *See Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1033-34 (N.D. Cal. 2010) (dismissing plaintiffs' wrongful foreclosure and quiet title claims on the basis that they failed to tender the amount due under the loan in full). "[I]t is sensible to require that a trustor, whose default to begin with resulted in the foreclosure, give proof before the sale is set aside that he now can redeem the property." *U.S. Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (1985). Accordingly, courts in this district have held that when a foreclosure is pending a debtor must allege the ability to fully tender the obligation to proceed on a cause of action for wrongful foreclosure. *See, e.g.*, *Alicea v. GE Money Bank*, C 09-00091 SBA, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009). Because Ms. Kahn again fails to allege any ability or willingness to tender the amount owed (which, according to the Notice of Default, is $151,302.53), her wrongful foreclosure claim fails.

Accordingly, Ms. Kahn's wrongful foreclosure claim is **DISMISSED WITH PREJUDICE**.

## V. CONCLUSION

Based on the foregoing, the court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss. Ms. Kahn's claims under TILA and RESPA, and wrongful foreclosure claim, are **DISMISSED WITH PREJUDICE**. Her fraud claim survives. Defendant shall answer Ms. Khan's

---

[6] "Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a 'valid and viable tender [offer] of payment of the indebtedness.'" *Pantoja*, 640 F. Supp. 2d at 1184 (quoting *Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117 (1971)); *see also Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984) ("[A]n action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security.) "A plaintiff must (1) demonstrate a willingness to pay and (2) show the ability to pay." *Pantoja*, 640 F. Supp. 2d at 1184 (citing *In re Worcester*, 811 F.2d 1224, 1231 (9th Cir. 1987)) (emphasis added)

First Amended Complaint within 14 days from the date of this order. See Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED.**

Dated: October 23, 2012

LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California