UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| RAHILA KHAN,<br><br>                Plaintiff,<br>   v.<br>RECONTRUST COMPANY, et al.,<br><br>                Defendants.<br>_____/ | No. C 12-01107 LB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>[Re: ECF No. 73] |

## INTRODUCTION

Plaintiff Rahila Khan, proceeding *pro se*, filed this action against defendants ReconTrust Company ("ReconTrust") and Bank of America, N.A. ("Bank of America") (collectively, "Defendants") for claims based on the circumstances surrounding her mortgage loans and her subsequent default on those loans. After the court granted in part and denied in part Defendants' motion to dismiss Plaintiff's First Amended Complaint ("FAC"), the court, in a Case Management and Pretrial Order, ECF No. 72, set September 26, 2014 as the deadline for Ms. Khan to seek leave to amend the complaint or add parties to this action.

In the pending motion, which was filed on the deadline, Ms. Khan seeks leave to file a second amended complaint that would name an additional defendant and add an additional claim. *See* Motion to Amend, ECF No. 73. Defendants filed an opposition to her motion on October 9, 2014. Opposition, ECF No. 78. Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the November 6, 2014 hearing. Upon

C 12-01107 LB
ORDER

consideration of the papers submitted and the applicable legal authority, the court **GRANTS IN PART** and **DENIES IN PART** Ms. Khan's Motion to Amend.

## STATEMENT

Ms. Khan alleges that in September 2006, she entered into two mortgage loans, which she used to purchase property at 39959 Michelle Street, Fremont, California ("the Michelle Street Property"). FAC, ECF No. 22, ¶ 2[1]; Request for Judicial Notice ("RJN"), ECF No. 6-1, Exs. B, C.  In January 2009, Ms. Khan began falling behind on her mortgage payments for the Michelle Street Property "because the interest rates were exorbitant and it was . . . impossible for [her to make them]."  FAC, ECF No. 22, ¶ 13.

Thereafter, she alleges that she received trial or permanent loan modifications for the Michelle Street Property on three occasions.  *Id*., ¶ 14(A)-(C).  In September 2009, Ms. Khan submitted all documentation required to obtain a loan modification, but she says that Bank of America cancelled it shortly after claiming that it did not receive the required paperwork.  *Id.*, ¶ 14(A).  Then, in January 2010, Bank of America allegedly agreed to provide Ms. Khan with a loan modification, but Bank of America later cancelled it without giving any reason for doing so.  *Id.*, ¶ 14(B).  Finally, Ms. Khan obtained a loan modification in April 2010, but Bank of America apparently cancelled it, which she learned when she received a Notice of Default.  *Id.,* ¶ 14(C).  The Notice of Default, which was recorded by ReconTrust on September 21, 2011, states that Ms. Khan was behind on her mortgage payments for the Michelle Street Property by $151,302.53 as of September 20, 2011.  RJN, ECF No. 6-1, Ex. D.[2]

It does not appear from the record that a Notice of Trustee's Sale has been recorded or that a foreclosure sale has occurred for the Michelle Street Property.  *See generally* FAC, ECF No. 22; RJN, ECF No. 6-1.

Ms. Khan filed this action, which to this point has been about the Michelle Street Property only,

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

[2] The court previously took judicial notice of this document in its July 2, 2012 order.  *See* 7/2/2012 Order, ECF No. 16 at 2 n.3.

against ReconTrust and Bank of America on March 6, 2012. The court dismissed her original complaint on July 2, 2012, but allowed her to file an amended one. 7/2/2012 Order, ECF No. 16. She did so on September 6, 2012. FAC, ECF No. 22. As she did in her original complaint, she alleged claims for (1) fraud, (2) violation of TILA, (3) violation of RESPA, and (4) wrongful foreclosure in violation of California Civil Code §§ 2923.5 and 2924. *See id.*

On October 26, 2012, upon Defendants' motion, the court dismissed with prejudice Ms. Khan's claims under TILA and RESPA, and for wrongful foreclosure, but found that her fraud claim against Defendants for their handling of her mortgage loans for the Michelle Street Property survives. *See* 10/23/2012 Order, ECF No. 26. Defendants then answered what remained of Ms. Khan's First Amended Complaint. Answer, ECF No. 30. For roughly the next two years, Ms. Khan and Defendants engaged in mediation with the court's ADR program in an attempt to resolve the action. After that attempt failed, in a Case Management and Pretrial Order, ECF No. 72, the court set September 26, 2014 as the deadline for Ms. Khan to file leave to add new parties or amend the pleadings.

On September 26, 2014, Ms. Khan filed a motion for leave to file a second amended complaint. *See* Motion to Amend, ECF No. 73. She attached to it a copy of her proposed Second Amended Complaint ("Proposed SAC"). Proposed SAC, ECF No. 76. In it, she does two things: she 1) adds Portfolio Servicing, Inc. ("Select Portfolio") as a defendant to her surviving fraud claim (which she currently brings against Bank of America and ReconTrust only); and 2) adds a new fraud claim against Bank of America, ReconTrust, and Select Portfolio with respect to a completely separate property that she owns at 40224 Blanchard Street ("the Blanchard Street Property"). *See* Proposed SAC, ECF No. 76, ¶¶ 3-4(D)

On October 9, 2014, Defendants filed an opposition in which they object only to Ms. Khan's new, proposed fraud claim relating to the Blanchard Street Property. *See* Opposition, ECF No. 78 Defendants do not oppose the addition of Select Portfolio to Ms. Khan's surviving fraud claim relating to the Michelle Street Property. *See id.* Ms. Khan filed a reply on October 17, 2014. Reply, ECF No. 79.

# ANALYSIS

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013). Because "Rule 15 favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989) (citation omitted). Courts generally consider five factors when assessing the propriety of a motion for leave to amend: undue delay, bad faith, futility of amendment, prejudice to the opposing party, and whether the party has previously amended the pleadings. *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 n.3 (9th Cir. 2009). The Ninth Circuit has held that "consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Where a party seeks leave to amend after the date specified in a scheduling order, Rule 16(b) also applies. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Under Rule 16(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." *Id.*; *see* Fed. R. Civ. P. 16(b)(4). Therefore, a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Rule 16(b), and second, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15. *Id.*

## II. DISCUSSION

Here, Ms. Khan filed her Motion to Amend on time on September 26, 2014, which was the deadline set in the Case Management and Pretrial Order, ECF No. 72. Thus, Rule 15, rather than Rule 16, applies.

As for the addition of Select Portfolio as a defendant to the fraud claim relating to the Michelle Street Property, Rule 15 is extremely liberal and Defendants, who bear the burden to show that Ms. Khan's motion should not be granted, did not oppose this addition. Accordingly, the court **GRANTS** the addition of Select Portfolio as a defendant to the surviving fraud claim.

C 12-01107 LB
ORDER

4

As for Ms. Khan's request to add a new fraud claim against Bank of America, ReconTrust, and Select Portfolio with respect to the Blanchard Street Property, Defendants make two arguments: 1) adding the Blanchard Street Property and an entirely new fraud claim relating to a loan for this property would be unreasonably prejudicial to Defendants and 2) it would cause undue delay. Opposition, ECF No. 78 at 6.

Regarding the prejudice, Defendants assert that since 2012 until now, "[t]he parties have engaged in extensive law and motion practice as well as countless hours of attorney and court time negotiating resolution of this case via workouts of the first and second loans" for the Michelle Street Property. *Id.* at 4. Ms. Khan counters by arguing that adding a new fraud claim with respect to the Blanchard Street Property would not prejudice Defendants because Bank of America had no interest in resolving this action through ADR. Thus, adding a fraud claim with respect to the Blanchard Street Property will not undermine Bank of America's ADR strategy or efforts. Reply, ECF No. 79 at 4. But even if Ms. Khan's comment is true, it misses the point. Defendants' point is that for over two years this case has been about the Michelle Street Property, and they think it should stay that way.

In that vein, Defendants also assert that Ms. Khan "seeks to change the course of this litigation by introducing a second fraud cause of action related to an entirely new property [(the Blanchard Street Property)]." Opposition, ECF No. 78 at 4. Ms. Khan counters that the new, proposed fraud claim involves the same parties and "is basically the same type of conduct the bank engaged in with respect to the" Michelle Street Property. Reply, ECF No. 79 at 3. Therefore, she contends that adding another fraud claim to this action would be economical and efficient because, rather than filing a separate complaint for this new, proposed fraud claim against Bank of America, ReconTrust, and Select Portfolio and relating the cases later, she can litigate this new claim with the existing one. Reply, ECF No. 79 at 2-3. She argues that these interests outweigh the prejudice Defendants assert they will experience from having only eight months to prepare potential dispositive motions for the existing fraud claim with respect to the Michelle Street Property and a new fraud claim with respect to the Blanchard Street Property. *Id.* at 2.

The court does not agree that the new, proposed fraud claim with respect to the Blanchard Street

Property is the same conduct as the fraud claim with respect to the Michelle Street Property. Although the parties are the same, the underlying facts are different. The new, proposed fraud claim involves an entirely different property, an entirely different loan, and entirely different facts about a HAMP loan that Ms. Khan asserts she qualified for. *See* Reply, ECF No. 79 at 2-3. As Defendants note, they would have to perform additional discovery to learn new information that they have not learned through the current action. *See* Opposition, ECF No. 78 at 4-5, 5 n.1. This is important because the Ninth Circuit has found that "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). And while Ms. Khan says that she will be the witness against Defendants with respect to the new, proposed fraud claim, as she is for the two loans she secured for the Michelle Street Property, *see* Reply, ECF No. 79 at 2, she is only one witness; the witnesses for Defendants with respect to the Blanchard Street Property are likely to be different from the witnesses for the Michelle Street Property, as is the documentary evidence.

The court also does not agree that adding the new, proposed fraud claim with respect to the Blanchard Street Property to the existing fraud claim would be economical and efficient because this case is not in its infancy. Ms. Khan has filed a complaint and a First Amended Complaint, Defendants have answered her First Amended Complaint, the court has filed a Case Management and Pretrial Order, the dispositive motion deadline is set for June 18, 2015, and the trial date is set for August 2015. Opposition, ECF No. 78. In addition, the parties spent roughly two years in court-sponsored mediation in an attempt to resolve the action. Ms. Khan had time earlier in this case to add the Blanchard Street Property without prejudicing Defendants, who have been litigating this case only with respect to the two loans Ms. Khan secured for the Michelle Street Property.

On balance, then, the court finds that adding the new fraud claim with respect to the Blanchard Street property would prejudice Defendants. The reality is that it is just too late in this litigation to add what essentially is a new case. It would require starting from scratch from a deadline perspective, and that is not appropriate given Defendants' interest in advancing this litigation.

Regarding the delay, Defendants assert that Ms. Khan "has not offered a reasonable explanation

for the extraordinary lapse between the filing of this action and the proposed introduction of an entirely new loan securing [an] unknown property [(the Blanchard Street Property)] to this action." Opposition, ECF No. 78 at 5. Defendants cite *Chodos v. West Publishing Company*, 292 F.3d 992, 1003 (9th Cir. 2002), in which the court found that "[d]elay is especially damaging to the plaintiff's motion where the facts were previously available and no reason is given for their exclusion from antecedent complaints." Specifically, Defendants assert that Ms. Khan has not indicated that the information regarding the Blanchard Street Property loan "was not available to her when she filed the original complaint and then the First Amended Complaint." Opposition, ECF No. 78 at 6.

They are correct. Ms. Khan did not provide reason for excluding the Blanchard Street Property and the loan she secured for it from prior complaints. In light of this failure, the court agrees with Defendants that Ms. Khan has not timely sought to add a new claim regarding a completely new property to this litigation.

## CONCLUSION

For the reasons discussed, the court **GRANTS IN PART** and **DENIES IN PART** Ms. Khan's Motion to Amend. By November 17, 2014, she may file as a separate docket entry a Second Amended Complaint adding Select Portfolio to her fraud claim with respect to the Michelle Street Property. She may not add a new claim with respect to the Blanchard Street Property.

Of course, Ms. Khan may file a new action with respect to the Blanchard Street Property. And the court, in light of its familiarity with Ms. Khan's situation, has no objection to either party filing a motion to relate any new action to this one to further the interests of judicial economy. The court's main reason for denying Ms. Khan's request to add the new claim with respect to the Blanchard Street Property is that the timing is inefficient from a case management perspective. Moreover, there are other efficiencies that might be advanced by considering both properties at the same, even if the actions (assuming a new one is filed) is not related under the Civil Local Rules.

This disposes of ECF No. 73.

C 12-01107 LB
ORDER
7

**IT IS SO ORDERED.**

Dated: November 3, 2014

_____
LAUREL BEELER
United States Magistrate Judge