1

2

3

4

5

6

7

8

UNITED STATES  DISTRICT COURT

9

Northern District of California

10

San Francisco Division

11

RAHILA KHAN,

No. C 12-01107 LB

12

Plaintiff,

**ORDER DENYING PLAINTIFF'S
MOTION FOR LEAVE TO FILE A
THIRD AMENDED COMPLAINT**

v.

13

RECONTRUST COMPANY, et al.,

[Re: ECF No. 90]

14

Defendants.

15

_____/

16    Plaintiff Rahila Khan, proceeding *pro se*, filed this action against defendants ReconTrust

17  Company ("ReconTrust") and Bank of America, N.A. ("Bank of America") (collectively,

18  "Defendants") for claims based on the circumstances surrounding her mortgage loans and her

19  subsequent default on those loans.  After the court granted in part and denied in part Defendants'

20  motion to dismiss her First Amended Complaint ("FAC"), the court, in a Case Management and

21  Pretrial Order, ECF No. 72, set September 26, 2014 as the deadline for Ms. Khan to seek leave to

22  amend the complaint or add parties to this action.[1]

23    On November 3, 2014, upon Ms. Khan's motion, the court ruled that she could file, by

24  November 17, 2014, a Second Amended Complaint adding Select Portfolio to her fraud claim with

25  respect to the Michelle Street Property.  (11/3/2014 Order, ECF No. 82.)  She did (albeit a little

26

27

28

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  late), and the court and the parties proceeded to have a case management conference on December

2  18, 2014.  (Second Amended Complaint, ECF No. 84; 12/18/2014 Minute Order, ECF No. 87.)

3  During that conference, Ms. Khan informed the court that she wished to file a Third Amended

4  Complaint.  The court thus set January 5, 2015 as the deadline for her to file a motion to seek leave

5  to do so.  (*Id.*)

6       On December 30, 2014, Ms. Khan filed her motion for leave to file a Third Amended Complaint.

7  (Motion, ECF No. 90.)  Defendants oppose the motion.  (Opposition, ECF No. 91.)  Aside from

8  containing a single sentence requesting leave to file a Third Amended Complaint, it is completely

9  devoid of any facts, argument, or authority to support her request (even though the form motion she

10  used specifically mentions the need to do this and provides space to do it), and Ms. Khan did not

11  attach her proposed Third Amended Complaint to it (even though the court told her at the case

12  management conference that she would need to do that).  (*See generally* Motion, ECF No. 90.)  This

13  fails to meet the required standard for allowing amendment at this stage of the litigation.  *See* Fed. R.

14  Civ. P. 16(b).[2]  Furthermore, although Ms. Khan has been and is proceeding *pro se* in this litigation,

15  the court has made her aware of her obligations to comply with the applicable pleading and motion

16  _____

17      [2] Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when
18  justice so requires."  Fed. R. Civ. P. 15(a); *see Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013).  Because "Rule 15 favors a liberal policy towards
19  amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted."  *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)
20  (citation omitted). Courts generally consider five factors when assessing the propriety of a motion for leave to amend: undue delay, bad faith, futility of amendment, prejudice to the opposing party,
21  and whether the party has previously amended the pleadings.  *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 n.3 (9th Cir. 2009).  The Ninth Circuit has held that "consideration of
22  prejudice to the opposing party carries the greatest weight."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

23      Where a party seeks leave to amend after the date specified in a scheduling order, as is the
24  case here, Rule 16(b) also applies.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th
25  Cir. 1992).  Under Rule 16(b), "[a] schedule shall not be modified except upon a showing of good
26  cause and by leave of the district judge."  *Id.*; *see* Fed. R. Civ. P. 16(b)(4).  Therefore, a party
27  seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Rule 16(b), and second, if good cause is shown, the party must
28  demonstrate that the amendment is proper under Rule 15.  *Id.*

1    requirements, and it has previously referred her to the Legal Help Center, a free service of the

2    Volunteer Legal Services Program to provide basic legal help.  (Notice to Plaintiff Re Pro Bono

3    Project Referral, ECF No. 48.)  During the case management conference, the court again referred

4    Ms. Khan to the Legal Help Center for assistance with her motion, but it appears she did not seek it.

5        In light of the foregoing, the court denies Ms. Khan's motion for leave to file a Third Amended

6    Complaint.  Her Second Amended Complaint remains the operative one in this case, and Defendants

7    shall respond to it by January 15, 2015, per the court's December 22, 2014 order.  (12/22/2014

8    Order, ECF No. 89.)

9        **IT IS SO ORDERED.**

10   Dated: January 7, 2015

     _____
     LAUREL BEELER
     United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28