WRIGHT, FINLAY & ZAK, LLP
Gwen H. Ribar, Esq., SBN 188024
James J. Ramos, Esq., SBN 252916
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel. (949) 477-5050; Fax (949) 477-9200

Attorney for Defendant,
SELECT PORTFOLIO SERVICING, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHILA KHAN, <br><br> Plaintiff, <br><br> v. <br><br> RECONTRUST COMPANY; BANK OF AMERICA, N.A.; SELECT PORTFOLIO SERVICING, INC.; and DOES 1 through 10, <br><br> Defendants. | Case No.: 3:12-cv-01107-LB <br> *Assigned to the Honorable:* <br> *Laurel Beeler* <br><br> **REPLY OF DEFENDANT SELECT PORTFOLIO SERVICING, INC.'TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** Defendant SELECT PORTFOLIO SERVICING, INC. ("SPS" or "DEFENDANT") hereby replies to the Opposition to the Motion to Dismiss the Complaint of Plaintiff RAHILA KHAN ("Plaintiff") as follows:

## I. INTRODUCTION

Plaintiff's Opposition does nothing to salvage her defective Cause of Action for Fraud, as it still remains unclear what SPS is alleged to have misrepresented, who at SPS is alleged to have misrepresented it, when the supposed misrepresentation occurred, and how Plaintiff detrimentally relied thereupon. In the absence of such details, the SAC fails to state facts sufficient to support a typical claim, much less one that requires a heightened degree of specificity (such as Plaintiff's claim for fraud). As such, Plaintiff's lone Cause of Action should be dismissed without leave to amend.

## II. ARGUMENT

**A. The First Cause of Action for Fraud Lacks Sufficient Facts.**

1. This Claim is Time-Barred.

A simple review of Plaintiff's Cause of Action for Fraud confirms that it arises from when "Bank of America made false statements when denying Plaintiffs with a Mortgage Modification."[1] Yet, as pointed out in greater detail in the Motion to Dismiss, Plaintiff should have discovered the alleged fraud in 2010 (when the modification in question was supposedly cancelled). Since Plaintiff failed to file suit against SPS until some four years later, her claim is barred by the Statute of Limitations.

To the extent Plaintiff attempts in the Opposition to point to events that took place after the SAC was filed as grounds for equitable tolling, such fails since they have nothing to do with Plaintiff's discovery "of the facts constituting the fraud or mistake." California Code of Civil Procedure §338(d).

2. No Facts Suggesting a Misrepresentation was Made.

Neither the SAC nor the Opposition contains any facts showing that SPS misrepresented a material fact to Plaintiff. To the contrary, the Opposition confirms that SPS could not have made the misrepresentation which gives rise

to Plaintiff's fraud claim, as Plaintiff admits that SPS "took over the loan from BOA" in 2013 (several years after the alleged misrepresentations were made).[2] Accordingly, this claim fails as against SPS.

3. <u>No Reliance.</u>

In addition to the above, there are no facts to suggest that Plaintiff relied on any representation (whatever that may be) made by SPS either. Because there are no such facts, this claim necessarily fails as against SPS.

4. <u>Failure to Allege Claim with Required Degree of Specificity.</u>

As pointed out in the Motion to Dismiss, a claim for fraud must be plead specifically. Fed. Rules. Civ. Proc. Rule 9(b). This entails specifying in the Complaint the circumstances constituting fraud, including the time, place, manner of each fraud, and the role of each defendant in each scheme. *LeDuc v. Kentyck Cen. Life Ins. Co., 814 F.Supp. 820, 830* (N.D. Cal.1992).

There are no specific details in the SAC implicating SPS in the alleged fraud. The Opposition does nothing to cure this defect, as the only details it provides pertain to events that took place several years after the supposed fraud in question. Accordingly, this claim must be dismissed.

### III.   CONCLUSION

Based upon the foregoing, Defendant respectfully requests that the Court grant its Motion to Dismiss the SAC, without leave to amend.

|  |  | Respectfully submitted, |
|---|---|---|
|  |  | WRIGHT, FINLAY & ZAK, LLP |
| Dated: February 2, 2015 | By: | */s/ James J. Ramos* |
|  |  | Gwen H. Ribar, Esq., |
|  |  | James J. Ramos, Esq., |
|  |  | Attorneys for Defendant, |
|  |  | SELECT PORTFOLIO SERVICING, INC. |

---

[1] See Plaintiff's SAC, ¶29.
[2] See ¶30 of Plaintiff's SAC.

# PROOF OF SERVICE

I, Barbara Espinoza, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On February 2, 2015, I served the within **REPLY OF DEFENDANT SELECT PORTFOLIO SERVICING, INC. TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** on all interested parties in this action as follows:

[X]    by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Rahila A Khan
40224 Blanchard Street
Fremont, CA  94538
Tel: (510) 938-0873
Email: Rahilakhanone@hotmail.com
**Plaintiff In Pro Per**

Severson & Werson
Brian Stratton Whittemore
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Tel.: (415) 398-3344
Fax: (415) 956-0439
Email: bsw@severson.com
**Attorney for Defendants Recontrust Company and Bank of America, N.A.,**

1
PROOF OF SERVICE

| | | |
|---|---|---|
| 1 | [ ] | (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices. |
| 2 | [ ] | (BY CERTIFIED MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices, via Certified Mail, Return Receipt Requested. |
| 3 | [ ] | (BY PERSONAL SERVICE) I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached service list. |
| 4 | [ ] | (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service. |
| 5 | [X] | (BY GOLDEN STATE OVERNIGHT- NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Golden State Overnight with the delivery fees provided for. |
| 6 | [ ] | (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se." |
| 7 | [X] | (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. |

Executed on February 2, 2015, at Newport Beach, California.

*/s/ B. Espinoza*
Barbara Espinoza