MARK JOSEPH KENNEY (State Bar No. 87345)
BRIAN S. WHITTEMORE (State Bar No. 241631)
bsw@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
BANK OF AMERICA, N.A.; RECONTRUST
COMPANY, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA — SAN FRANCISCO DIVISION

| | |
|---|---|
| RAHILA KHAN,<br><br>    Plaintiff,<br><br>vs.<br><br>RECONTRUST COMPANY and BANK OF AMERICA, N.A., and DOES 1 through 10,<br><br>    Defendants. | Case No. CV-12-01107-LB<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [FRCP 12(b)(6)]**<br><br>Date:    March 5, 2015<br>Time:   11:00 a.m.<br>Crtrm.: C; 15th Floor<br>Judge:  Hon. Laurel Beeler<br><br>Trial Date:    August 10, 2015 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff RAHILA KHAN's ("Plaintiff") Second Amended Complaint ("SAC") does little to establish a viable claim upon which relief may be granted. The Opposition is similarly defective and appears to rely, in part, on allegations and facts extrinsic to the SAC. This is, of course, improper to oppose a motion to dismiss. However, even if the Court were to consider facts and allegations first seen in the opposition and absent from the SAC, Plaintiff nevertheless fails to plead a viable claim against defendants BANK OF AMERICA, N.A. and RECONTRUST COMPANY, N.A. ("Moving Defendants"). Moving Defendants, however, have only addressed the arguments in the SAC on file with the Court by their motion.

In her opposition, rather than address the legal merits of the points and authorities advanced by Moving Defendants, Plaintiff appears to rely upon a narrative type account of alleged wrongdoing. Indeed, the legal arguments in the motion are entirely ignored. The question before this Court is whether the facts pleaded in the SAC rise to the level of fraud against Moving Defendants.

As discussed below, Plaintiff fails to address the legal merits of her sole surviving claim for fraud and the motion to dismiss is properly granted with prejudice.

## II. LEGAL ARGUMENT

Because the SAC fails to allege facts sufficient to support a claim, it should be dismissed in its entirety without leave to amend.

**A.  Plaintiff Has Failed To Plead Facts to Support a Claim for Fraud Under the Heightened Pleading Requirements of Rule 9(b) and the Opposition Fails to Cure**

In the moving papers, Moving Defendants set forth the following deficiencies in Plaintiff's SAC, each of which are included in the SAC to support her fraud theory.

**1.  Plaintiff Lacks Standing to Enforce the Terns of the PSA**

The SAC generally alleges that Bank of America lacked authority to modify her loan because the alleged beneficiary, the Morgan Stanley Trust, did not participate in the Bank of America Home Loan Retention Program. *See,* SAC ¶ 14E. To support this theory, Plaintiff cites

the applicable Pooling and Servicing Agreement ("PSA") and BANA's duty to "maximize interest payments and profits" under the PSA. *Id.* In the opening brief, Moving Defendants argue that Plaintiff lacks standing to enforce the terms of the PSA and cites relevant legal authority for this proposition. Plaintiff's opposition fails to address the argument.

Similarly, Moving Defendants address the apparent *Glaski* claim by arguing that the rule in *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497 (2013) is the better reasoned case. As relevant here, the *Jenkins* Court held that a borrower lacked standing to base a claim for relief on the securitization process or breach of the PSA. Here again, Plaintiff's opposition entirely fails to address the legal merits of her claim.

Third, Moving Defendants address Plaintiff's theory that investor disallowance of Plaintiff's requested modification was somehow fraudulent. In addressing the issue, Moving Defendants cite California's Homeowners' Bill of Rights, that came into effect after the modification events complained of in the SAC, for the proposition that investor disallowances is a justifiable reason for denying a modification.

> (2) If the denial was based on investor disallowance, the specific reasons for the investor disallowance. Cal. Civ. Code § 2923.6

While the HOBR was not in effect during the time Plaintiff alleges she was wronged in the SAC, and BANA had no similar duties at that time, it does provide this Court with some guidance as to how an investor denial is treated currently. In response, Plaintiff's opposition fails to address this argument.

**2.  Plaintiff's Foreclosure Related Allegations Are Moot**

Moving Defendants provide this court with judicially noticeable documents to illustrate that the foreclosure related allegations are entirely moot. The judicially noticeable documents show that the Notice of Default has been rescinded. RJN, Ex. A, G. Moving Defendants also point out that, contrary to the allegations in the SAC, the judicially noticeable documents also illustrate that a Substitution of Trustee was recorded. See, RJN, Ex. F, effectively contradicting the allegations set forth in Paragraphs 20 and 21 of the SAC. While Plaintiff does not address this issue head on in the opposition, she does appear to concede that she accepted a loan modification

that might explain why the foreclosure was not completed.

### 3. Plaintiff Fails to Plead Facts to Support the Required Elements of a Fraud Claim Against Corporate Defendants

Under Fed. R. Civ. P. 9(b), "[i]n alleging fraud ..., a party must state with particularity the circumstances constituting fraud ...." Rule 9(b) governs plaintiffs' complaint even though it was filed in state court before the case was removed to this Court.[1] To satisfy Rule 9(b)'s standard, the complaint must allege "particular facts going to the circumstances of the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading."[2] In a fraud action against a corporation, the complaint must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."[3]

Plaintiff's opposition does nothing, even with the insertion of extrinsic facts, to cure the particularity defect with the fraud claim as to Moving Defendants. In the moving papers, defendants cite to another district court case where the Court disallowed a fraud claim to move forward because the allegations were not pleaded with the requisite particularity to survive a pleadings challenge.

"The complaint fails to support with facts a misrepresentation and merely concludes that representations as her modification application are false. The complaint identifies no person making alleged misrepresentations with required specificity to hold defendants accountable. The complaint fails to substantiate the misrepresentation element." *Khan v. CitiMortgage*, Inc., 975 F.Supp.2d 1127, 1141 (E.D. Cal. 2013).

---

[1] *See, e.g., Lopez v. GMAC Mortgage Corp.*, 2007 WL 3232448, at *4 (N.D. Cal. 2007); *Varney v. R.J. Reynolds Tobacco Co.*, 118 F.Supp.2d 63, 67-68 (D. Mass. 2000); *see also* Fed. R. Civ. P. 81(c) ("These rules apply to a civil action after it is removed from a state court.").
[2] *Morris v. BMW of N. Am., LLC*, 2007 WL 3342612, at *3 (N.D. Cal. 2007) (citing *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 n.7 (9th Cir. 1994) (en banc)); *see also Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (noting that under Rule 9(b) "the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.").
[3] *Saldate v. Wilshire Credit Corp.*, 2010 WL 624445 (E.D. Cal. 2010), quoting *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991).

1 | Plaintiff's opposition fails to attempt to distinguish the instant case from the other *Khan* case that was rightly dismissed. As the *Kkan* Court reasoned, "[a]llegations of delay and avoiding regulators' scrutiny fail to substantiate intent to defraud. The complaint lacks facts to satisfy F.R.Civ.P. 9(b) specificity as to intent." *Khan*, *supra*, 975 F.Supp.2d at 1141.) The logic employed in that case is entirely applicable here, especially since Plaintiff has made no real attempt to distinguish the two cases.

Because the remaining arguments were simply not addressed by the opposition, Moving Defendants are content to stand on the opening brief. Therein, Moving Defendants address the deficiencies of the fraud claim – element by element – to illustrate why Plaintiff's fraud claim is simply deficient as a matter of law. The opposition does little, if anything, to address the legal deficiencies discussed throughout the opening brief.

Based on the foregoing, and the arguments advanced in the Moving Papers, it is now clear that Plaintiff has failed to allege the elements of a fraud claim, with the requisite specificity, to survive a motion to dismiss challenge.

### III. CONCLUSION

For the reasons mentioned above, Plaintiff has failed to plead her causes of action in a manner which demonstrates a plausible claim to relief. Accordingly, Moving Defendants respectfully request that the Court grant their motion to dismiss with prejudice and enter judgment in favor of Moving Defendants.

DATED: February 4, 2015

SEVERSON & WERSON
A Professional Corporation

By: _____/s/ Brian S. Whittemore_____
Brian S. Whittemore

Attorneys for Defendants
BANK OF AMERICA, N.A.; RECONTRUST COMPANY, N.A.

**PROOF OF SERVICE**
*Rahila Khan v. Recontrust Company, et al.*
**United States District Court Northern District Case No. CV-12-01107-LB**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On February 4, 2015, I served true copies of the following document(s):

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [FRCP 12(B)(6)]**

on the interested parties in this action as follows:

| | |
|---|---|
| Rahila Khan<br>40224 Blanchard Street<br>Fremont, CA 94538 | *Plaintiff Pro Per*<br>Telephone: (510) 938-0837 |
| Gwen H. Ribar, Esq.<br>James J. Ramos, Esq.<br>Wright, Finlay & Zak, LLP<br>4665 MacArthur Court, Suite 280<br>Newport Beach, CA 92660 | *Attorneys for Defendant Select Portfolio Servicing, Inc.*<br>Telephone: (949) 477-5050<br>Facsimile: (949) 477-9200 |

**BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 4, 2015, at San Francisco, California.

*/s/ Chilaren Kada*
Chilaren L. Kada





After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.