UNITED STATES DISTRICT COURT

For the Northern District of California

1
2
3
4
5
6
7
8            UNITED STATES  DISTRICT COURT

9                Northern District of California

10                  San Francisco Division

11   RAHILA KHAN,                         No. C 12-01107 LB

12            Plaintiff,                  **ORDER GRANTING SPS'S MOTION
                                          TO DISMISS AND GRANTING IN
13        v.                              PART AND DENYING IN PART
                                          RECONTRUST AND BANK OF
14   RECONTRUST COMPANY, et al.,          AMERICA'S MOTION TO DISMISS**

15            Defendants.                 [Re: ECF Nos. 94 & 97]

16   _____/

17                     **INTRODUCTION**

18        Plaintiff Rahila Khan, proceeding *pro se*, filed this action against defendants ReconTrust

19   Company ("ReconTrust"), Bank of America, N.A. ("Bank of America"), and Select Portfolio

20   Servicing, Inc. ("SPS") (collectively, "Defendants") for claims based on the circumstances

21   surrounding her mortgage loans and her subsequent default on those loans.  (*See* Second Amended

22   Complaint ("SAC"), ECF No. 84.[1])  Defendants move to dismiss Ms. Khan's Second Amended

23   Complaint.  Upon consideration of the papers submitted and the applicable legal authority, the court

24   grants SPS's motion and grants in part and denies in part ReconTrust and Bank of America's

25
26
27
28        [1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations
     are to the ECF-generated page numbers at the top of the documents.

C 12-01107 LB
ORDER

1      motion.[2]

2      <div align="center">**STATEMENT**</div>

3      **I. MS. KHAN'S ALLEGATIONS**

4      Ms. Khan alleges that in September 2006, she entered into two mortgage loans (hereinafter,

5 referred to as the "First Loan" and the "Second Loan"), which she used to purchase property at

6 39959 Michelle Street, Fremont, California.  (*See* First Amended Complaint ("FAC"), ECF No. 22,

7 ¶ 2; SAC ¶ 2; SPS RJN, Exs. A, B, ECF No. 95.[3])  In January 2009, Ms. Khan began falling behind

8 on her mortgage payments "because the interest rates were exorbitant and it was financially

9

10      [2] All parties have consented to the undersigned's jurisdiction.  Consent (ReconTrust and

11 Bank of America), ECF No. 8; Consent (Ms. Khan), ECF No. 9; Consent (SPS), ECF No. 107. Pursuant to Civil Local Rule 7-1(b), the court finds this matter to be suitable for determination

12 without oral argument and vacates the March 5, 2015 hearing.

13      [3] SPS asks the court to take judicial notice of the deeds of trust relating to Ms. Khan's two

14 loans, namely, (1) a Deed of Trust that was recorded with the Alameda County Recorder's Office on September 18, 2006 as Document No. 2006351807, and (2) a Deed of Trust that was recorded with

15 the Alameda County Recorder's Office on September 18, 2006 as Document No. 2006351808.  (SPS RJN, ECF No. 95.)  And ReconTrust and Bank of America ask the court to take judicial notice of the

16 following documents: (1) a Deed of Trust that was recorded with the Alameda County Recorder's

17 Office on September 18, 2006 as Document No. 2006351807; (2) an Assignment of Deed that was that was recorded with the Alameda County Recorder's Office on June 28, 2011 as Document No.

18 2011183101; (3) a Notice of Default that was recorded with the Alameda County Recorder's Office

19 on September 21, 2011 as Document No. 2011268436; (4) a Notice of Trustee's Sale that was recorded with the Alameda County Recorder's Office on December 27, 2011 as Document No.

20 2011375533; (5) an Assignment of Deed that was recorded with the Alameda County Recorder's Office on August 17, 2012 as Document No. 2012271539; (6) a Substitution of Trustee that was

21 recorded with the Alameda County Recorder's Office on September 24, 2012 as Document No.

22 2012311867; (7) a Notice of Rescission that was recorded with the Alameda County Recorder's Office on July 1, 2013 as Document No. 2013227770; and (8) the parties' joint case management

23 conference statement that was filed in this action on December 4, 2014.  (ReconTrust and Bank of

24 America RJN, ECF No. 97-1.)

25      The court may take judicial notice of matters of public record.  *Lee v. City of Los Angeles*,

26 250 F.3d 668, 689 (9th Cir. 2001).  Because the documents listed above are public records, the court may take judicial notice of the undisputed facts contained in them.  *See Hotel Employees & Rest.*

27 *Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); Fed. R. Evid. 201(b); *see also Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 264-67 (2011).  The

28 court does so now.

C 12-01107 LB
ORDER

<div align="center">2</div>

<div style="writing-mode: vertical">**UNITED STATES DISTRICT COURT**<br>For the Northern District of California</div>

UNITED STATES DISTRICT COURT
For the Northern District of California

1   impossible for her to [make them]."  (SAC ¶ 13.)

2       Thereafter Ms. Khan sought, and/or thought she received, trial or permanent loan modifications

3   of the First Loan on three occasions from Bank of America.  (*See* SAC ¶¶ 7, 14.)  On the first

4   occasion, Ms. Khan alleges that she obtained a temporary loan modification in September 2009,

5   made modified payments in October and November 2009, received a permanent loan modification

6   contract in January 2010, and signed and returned the permanent loan modification contract and

7   provided evidence of her income that same month, but Bank of America nevertheless cancelled the

8   modification, stating that it never received proof of her income (a claim she denies).  (*Id*. ¶ 14(A).)

9   On the second occasion, Ms. Khan alleges that she obtained another loan modification in January

10  2010 and that she made modified payments in February and March 2010, but Bank of America

11  cancelled the modification without giving any reason for its doing so.  (*Id*. ¶ 14(B).)  On the third

12  occasion, Ms. Khan alleges that she obtained a loan modification in April 2010.  (*Id*. ¶ 14(C).)  She

13  alleges that she was required to supply additional information, which she did, and that she believed

14  the modification was in place until she received a Notice of Default from ReconTrust.  (*Id*.)  Ms.

15  Khan alleges that, despite Bank of America's representations to the contrary, it turns out that Bank

16  of America never actually had authority to modify her First Loan because of Bank of America's

17  duties under the pooling and service agreement ("PSA") to which her First Loan had been assigned.

18  (*Id*. ¶ 14(E).)

19      A Notice of Default, which was recorded by ReconTrust on September 21, 2011, states that Ms.

20  Khan was behind on her mortgage payments by $151,302.53 as of September 20, 2011.  (*Id*. ¶ 15;

21  ReconTrust and Bank of America RJN, Ex. C, ECF No. 97-1.)  Attached to the Notice of Default is

22  a declaration of Chamkiri Miller, a Mortgage Servicing Specialist II at Bank of America, who

23  marked a box indicating that Bank of America "tried with due diligence to contact [Ms. Khan] in

24  accordance with California Civil Code § 2923.5."  (SAC ¶ 18; ReconTrust and Bank of America

25  RJN, Ex. C, ECF No. 97-1.)  The box indicating that Bank of America "has contacted [Ms. Khan] to

26  assess [her] financial situation and explore options for [her] to avoid foreclosure" was not marked.

27  (ReconTrust and Bank of America RJN, Ex. C, ECF No. 97-1.)  In any event, Ms. Khan alleges Ms.

28  Miller did not initiate any attempt to try to contact" her.  (SAC ¶ 19.)

C 12-01107 LB
ORDER

3

1   SPS became the servicer of her loans in June 2012.  (*Id.* ¶ 4(C).  Ms. Khan alleges that SPS "has

2   been refusing to accept mortgage payments on the loans, have not recognized the modifications, and

3   continue[s] to add illegal and unexplained charges to the loan payment amount."  (*Id.*)

4       In addition to the allegations summarized above, Ms. Khan also alleges that Defendants, along

5   with others, failed to properly "securitize" her loan pursuant to the applicable PSA and therefore

6   have no right to foreclose on her property.  (*See id.* ¶¶ 8-9, 25-26.)  She also alleges that Defendants

7   failed to properly substitute the trustee under the deed of trust for the First Loan and therefore

8   Defendants have wrongfully foreclosed on her property.  (*See id.* ¶¶ 11, 16-17, 20-24.)  For reasons

9   explained below, these additional allegations fail to support Ms. Khan's sole remaining fraud claim.

10  **II.  PROCEDURAL HISTORY**

11      Ms. Khan filed this action against ReconTrust and Bank of America on March 6, 2012.  The

12  court dismissed her original complaint on July 2, 2012, but allowed her to file an amended one.

13  (7/2/2012 Order, ECF No. 16.)  She did so on September 6, 2012, and as she did in her original

14  complaint, she alleged claims for (1) fraud, (2) violation of TILA, (3) violation of RESPA, and (4)

15  wrongful foreclosure in violation of California Civil Code §§ 2923.5 and 2924.  (FAC, ECF No. 22.)

16  ReconTrust and Bank of America moved to dismiss her First Amended Complaint, and on October

17  23, 2012, the court granted in part their motion.  (10/23/2012 Order, ECF No. 26.)  The court

18  dismissed with prejudice Ms. Khan's TILA, RESPA, and wrongful foreclosure claims, but ruled that

19  her fraud claim survived.  (*Id.*)  ReconTrust and Bank of America then answered the First Amended

20  Complaint.  (Answer, ECF No. 30.)

21      After this, the parties engaged in nearly two years of mediation, with the assistance of the court's

22  ADR program and pro bono counsel.  After those negotiations finally failed, Ms. Khan filed a

23  motion asking for permission to file a second amended complaint.  (Motion for Leave to File SAC,

24  ECF No. 73.)  She sought permission to do two things: (1) add SPS as a defendant to her surviving

25  fraud claim, and (2) add a new fraud claim against Bank of America, ReconTrust, and SPS with

26  respect to a completely separate property that had not been at issue in this action.  On November 3,

27  2014, the court granted her motion insofar as she wanted to add SPS to her surviving fraud claim but

28  denied her motion insofar she wanted to add claims regarding a separate property.  (11/3/2014

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
For the Northern District of California

1   Order, ECF No. 82.)  She filed her Second Amended Complaint on December 4, 2014.  (SAC, ECF

2   No. 84.)  She brings a single fraud claim against ReconTrust, Bank of America, and SPS.  (*Id.* ¶¶ 27-

3   31.)

4       On December 30, 2014, Ms. Khan filed a motion for leave to file a third amended complaint.

5   (Motion for Leave to File TAC, ECF No. 90.)  The court denied her motion on January 7, 2015.

6   (1/7/2015 Order, ECF No. 92.)

7       On January 14, 2015, SPS filed a motion to dismiss Ms. Khan's Second Amended Complaint.

8   (SPS Motion, ECF No. 94.)  The next day, ReconTrust and Bank of America did so, too.

9   (ReconTrust Motion, ECF No. 97.)  Ms. Khan filed oppositions to both motions, and Defendants

10  filed replies.  (Opposition to ReconTrust Motion, ECF No. 98; Opposition to SPS Motion, ECF No.

11  99; SPS Reply, ECF No. 104; ReconTrust Reply, ECF No. 105.)

12                                              **ANALYSIS**

13  **I.  LEGAL STANDARD**

14      Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that

15  the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint must therefore provide a

16  defendant with "fair notice" of the claims against it and the grounds for relief.  *See Bell Atlantic*

17  *Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation and citation omitted).

18      A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does

19  not contain enough facts to state a claim to relief that is plausible on its face.  *See Twombly,* 550

20  U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

21  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

22  *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a

23  'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

24  unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 557).  "While a complaint attacked by a Rule

25  12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

26  provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

27  formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be

28  enough to raise a right to relief above the speculative level."  *Twombly,* 550 U.S. at 555 (internal

1     citations and parentheticals omitted).

2          In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true

3     and construe them in the light most favorable to the plaintiff.  *See id.* at 550; *Erickson v. Pardus,* 551

4     U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).  In

5     addition, courts may consider documents attached to the complaint.  *Parks School of Business, Inc.*

6     *v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).  If the court dismisses the

7     complaint, it should grant leave to amend even if no request to amend is made "unless it determines

8     that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203

9     F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California*

10    *Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).  But when a party repeatedly fails to cure

11    deficiencies, the court may order dismissal without leave to amend.  *See Ferdik v. Bonzelet*, 963

12    F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had

13    instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to

14    amend).

15    **II.  APPLICATION**

16         **A.  Ms. Khan Lacks Standing to Enforce the Terms of the PSA**

17         Before addressing her fraud claim, the court notes that Ms. Khan alleges that Defendants, along

18    with others, failed to properly "securitize" her loan pursuant to the applicable PSA and therefore

19    have no right to foreclose on her property.  (*See* SAC ¶¶ 8-9, 25-26.)  Bank of America and

20    ReconTrust argue that Ms. Khan does not have standing to pursue such a claim.  They are right.  As

21    this court previously explained in a different action:

22              "Ninth Circuit district courts have come to different conclusions when analyzing
              a plaintiff's right to challenge the securitization process . . . ."  *Johnson v. HSBC*
23            *Bank USA, N.A.*, No. 3:11–cv–2091–JM–WVG, 2012 WL 928433, at *2 (S.D. Cal.
              March 19, 2012) (collecting cases).  The majority position is that plaintiffs lack
24            standing to challenge noncompliance with a pooling and service agreement or other
              similar agreement unless they are parties to or third-party beneficiaries of the
25            agreement.  *See Aniel v. GMAC Mortg., LLC*, No. C 12–04201 SBA, 2012 WL
              5389706, at *4 (N.D. Cal. Nov. 2, 2012) (collecting cases); *Almutarreb v. Bank of*
26            *New York Trust Co., N.A.*, No. C–12–3061 EMC, 2012 WL 4371410, at *2 (N.D. Cal.
              Sept. 24, 2012) (disagreeing with *Vogan* and finding that because plaintiffs were
27            neither parties nor third party beneficiaries to pooling and service agreement, they
              lacked standing to challenge whether loan transfer occurred outside time limits in
28            agreement); *Madlaing v. JPMorgan Chase Bank, N.A.*, No. CV F 12–2069 LJO SMS,

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

2013 WL 2403379, at *8 (E.D. Cal. May 31, 2013) (plaintiff lacked standing to enforce pooling and service agreement because he was neither party to nor intended third-party beneficiary of agreement); *but see Vogan v. Wells Fargo Bank, N.A.*, No. 2:11–CV–02098–JAM–KJN, 2011 WL 5826016, at *7 (E.D. Cal. Nov. 17, 2011) (allowing UCL claim when plaintiffs alleged that assignment was executed after the closing date of securities pool, "giving rise to a plausible inference that at least some part of the recorded assignment was fabricated"). The court follows the majority approach.

Plaintiff urges the court to follow *Glaski v. Bank of America, N.A.,* 218 Cal. App. 4th 1079 (2013), in which the court held that a borrower may have standing to challenge a foreclosure where the note holder acquired the note from a party who had been assigned it in a void transaction (under New York law). *Id.* at 1095. There, the note was assigned to a securitized trust after the date that the trust was closed for purposes of acquiring additional assets. *Id.* The trust in *Glaski* was formed under New York law, which the court interpreted to confer standing in the specific situation. *See id.* at 1097. The court noted that "some federal district courts sitting in California have rejected the post-closing date theory of invalidity on the grounds that the borrower does not have standing to challenge an assignment between two other parties." *Id.* at 1098. The court distinguished those cases, however, because "they do not apply New York trust law to the operation of the securitized trusts in question." *Id.* at 1098.

Every court in this district that has evaluated *Glaski* has found it unpersuasive. *See Zapata v. Wells Fargo Bank, N.A.*, No. C 13-04288 WHA, 2013 WL 6491377, at *2 (N.D. Cal. Dec. 10, 2013) (collecting cases). The court follows those cases and concludes that plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA. Accordingly, to the extent Plaintiff's claims are based on violation of a PSA, the court dismisses them with leave to amend facts showing that Plaintiff is a party to or third-party beneficiary of that PSA.

*Rubio v. U.S. Bank, N.A.*, No. C 13–05752 LB, 2014 WL 1318631, at *7-8 (N.D. Cal. Apr. 1, 2014). Here, Ms. Khan has given no indication that she is a party to or a third-party beneficiary of the PSA, and the court cannot see how she would be. Accordingly, the court concludes that Ms. Khan lacks standing to enforce the terms of the PSA.

**B. Ms. Khan's Wrongful Foreclosure Allegations Are Improper**

Ms. Khan also alleges that Defendants failed to properly substitute the trustee under the deed of trust for the First Loan and therefore Defendants have wrongfully foreclosed on her property. (*See* SAC ¶¶ 11, 16-17, 20-24.) The court already dismissed with prejudice Ms. Khan's wrongful foreclosure claim in its 12/23/2012 Order. It thus is improper for her to try to reallege such a claim. Even so, the court notes that the Notice of Default was rescinded, making her claim moot. (*See* ReconTrust and Bank of America RJN, Ex. G, ECF No. 97-1 at 42.)

**C. Ms. Khan's Fraud Claim against SPS Must Be Dismissed**

UNITED STATES DISTRICT COURT
For the Northern District of California

1    Ms. Khan adds SPS to her fraud claim in the Second Amended Complaint.  She does not,

2    however, even mention SPS's name in any of the paragraphs within the claim.  (*See* SAC ¶¶ 27-31.)

3    Instead of describing anything that SPS did, Ms. Khan's claim focuses entirely on Bank of

4    America's failure to permanently modify her loan.  (*See id.*)  In fact, the only time Ms. Khan

5    mentions SPS in her Second Amended Complaint is when she first identifies SPS as a Defendant.[4]

6    There, she alleges that "SPS became the servicer of her loans in June 2012" and that SPS "has been

7    refusing to accept mortgage payments on the loans, have not recognized the modifications, and

8    continue[s] to add illegal and unexplained charges to the loan payment amount."  (*Id.* ¶ 4(c).)

9    Ms. Khan does not sufficiently allege a fraud claim against SPS.  As the court explained in its

10   10/23/2012 Order, "[a] cause of action for fraud [under California law] requires the plaintiff to prove

11   (a) a knowingly false misrepresentation by the defendant, (b) made with the intent to deceive or to

12   induce reliance by the plaintiff, (c) justifiable reliance by the plaintiff, and (d) resulting damages."

13   *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192 (9th Cir. 2001) (quoting *Wilkins v. Nat'l Broadcasting*

14   *Co., Inc.*, 71 Cal. App. 4th 1066, 1082 (1999)); *see also* Cal. Civ. Code § 1572.  Ms. Khan's

15   allegations about SPS do not satisfy these elements.  Most glaringly, she does not allege that SPS

16   has made any false misrepresentation—the hallmark of any fraud claim.  Her claim against SPS,

17   then, must be dismissed for this reason.[5]

18   The real issue is whether to let Ms. Khan try again.  On one hand, Ms. Khan is proceeding pro

19   se, this was her first attempt to allege a claim against SPS, and she did put forth some SPS-related

20   facts in her opposition, which she presumably could include in an amended complaint.  On the other

21   hand, this action has been going on for over three years, the court is fully aware of the factual

22

23        [4] In other places in her Second Amended Complaint, Ms. Khan has marked out references to
     the "PSA" relating to her loans and replaced it with "SPS."  (See SAC ¶¶ 8, 14(E).)  Inserting SPS's
24   name in place of "PSA," however, does not make sense in the context of the sentences.

25        [5] SPS also argues that Ms. Khan's claim is barred by the applicable three-year statute of
     limitations because she alleges that she did not receive a loan modification in 2009 and 2010 but she
26   did not bring her claim against SPS until 2015.  The argument, however, relates to her allegations
     against Bank of America.  Her allegations, such as they are, against SPS presumably refer to SPS's
27   conduct that occurred after SPS became the servicer of her loans in 2012, so the application of the
     statute of limitations is not so clear.
28

UNITED STATES DISTRICT COURT
For the Northern District of California

1    context for her claim, and her allegations against SPS do not even seem to suggest a fraud claim.

2    All of the fraud-related allegations relate to Bank of America's conduct regarding the loan

3    modification attempts, and SPS was not even in the picture when those occurred.  Upon considering

4    these points, the court believes that Ms. Khan should have another chance to allege a claim against

5    SPS.   Accordingly, Ms. Khan's fraud claim against SPS is dismissed without prejudice.

6        **D.  Ms. Khan's Fraud Claim against ReconTrust Must Be Dismissed, Too**

7        Ms. Khan also names ReconTrust as a Defendant to her fraud claim, but, like with SPS, she fails

8    to mention it in that claim.  (*See* SAC ¶¶ 27-31.)  Her fraud claim is based on Bank of America's

9    failure to permanently modify her loans, but the only thing ReconTrust is alleged to have done is to

10   have served and recorded a notice of default.  (*Id.* ¶ 15.)  ReconTrust, then, has nothing to do with

11   her fraud claim.  The court notes that this is the third time that Ms. Khan has unsuccessfully tried to

12   bring a fraud claim against ReconTrust.  In light of her failure to remedy the deficiencies of her

13   claim, and ReconTrust's lack of involvement in the conduct on which her fraud claim is based, the

14   court dismisses with prejudice her fraud claim against ReconTrust.

15   **E.  Ms. Khan's Fraud Claim against Bank of America Survives**

16       Ms. Khan also once again bring a fraud claim against Bank of America.  (*See* SAC ¶¶ 27-31.)

17   Bank of America argues that it fails for three reasons.

18       First, and as it did previously, it argues that Ms. Khan has not alleged any fraudulent conduct

19   with the level of specificity required by Federal Rule of Civil Procedure 9(b).  (*See* ReconTrust and

20   Bank of America Motion, ECF No. 97 at 9-10.)   The fraud claim in the Second Amended

21   Complaint, like the one in her First Amended Complaint, alleges that Bank of America committed

22   fraud by telling her that she would receive a permanent loan modification but then denying her that

23   modification.  The court previously found that the fraud claim in her First Amended Complaint was

24   sufficiently alleged.  It stated:

25           The court disagrees that Ms. Khan's fraud allegations are not pled with sufficient
             particularity.  While she does not allege the names of the individuals with whom she
26           spoke or corresponded with, *see* FAC, ECF No. 22, ¶¶ 14(A)-(C), documents
             attached to her complaint do show that she was offered a loan modification and
27           include the names of several individuals involved in the process.  *See* FAC, ECF No.
             22 at 32-38; FAC Exhibits, ECF No. 22-1 at 1-23.  These documents, paired with her
28           allegations that she was offered loan modifications at other times and that she never

UNITED STATES DISTRICT COURT
For the Northern District of California

1    actually received one, are sufficient at this point.  In other words, the court finds that
2    her allegations against Bank of America are "'specific enough to give defendants
     notice of the particular misconduct which is alleged to constitute the fraud charged so
3    that they can defend against the charge and not just deny that they have done
     anything wrong.'"  *Vess*, 317 F.3d at 1106 (quoting *Bly-Magee*, 236 F.3d at 1019).

4    (10/23/2012 Order, ECF No. 26 at 5-6.)  The allegations in the Second Amended Complaint are just

5    as specific as those in the First Amended Complaint, and the court already found that the ones in the

6    First Amended Complaint met the hightened pleading requirements of Rule 9(b).  The court sees no

7    reason to reconsider that decision or any meaningful difference between the allegations in the First

8    Amended Complaint and those in the Second Amended Complaint.  Bank of America has sufficient

9    notice of the claim against it.

10        Second, Bank of America argues that Ms. Khan has not sufficiently alleged that she justifiably

11   relied on Bank of America's misrepresentations. The court disagrees.  Ms. Khan alleges that she

12   relied on Bank of America's statements that she would receive a loan modification to her detriment

13   by not seeking other remedies, such an bankruptcy, to save her home.  (*See* SAC ¶ 30.)  Bank of

14   America says that this is not sufficient as a matter of law, but the opinion it cites for this point says

15   only that continuing to make payments on a loan does not constitute justifiably reliance.  (*See*

16   ReconTrust and Bank of America Motion, ECF No. 97 at 1 (quoting *Lueras v. BAC Home Loans*

17   *Servicing, LP*, 221 Cal. App. 4th 49, 79 (Cal. Ct. App. 2013)).)  That is not the reliance she alleges.

18        Third, Bank of America argues that Ms. Khan does not sufficiently allege damages.  It points out

19   that Bank of America actually did offer her a permanent loan modification—during the negotiations

20   that it and Ms. Khan engaged in with the court's ADR department after this action was filed.  To

21   support this claim, it points to the parties' statement in a case management conference statement

22   suggesting that Ms. Khan has accepted loan modifications from both Bank of America and SPS.

23   This is not enough.  It is not clear to the court whether these loan modification in fact were accepted

24   and that Ms. Khan's loans in fact have been modified.  Bank of America has provided the court with

25   no evidence to show that this is true.  Moreover, on a motion to dismiss, a court generally is

26   confined to the allegations in the complaint, and here Ms. Khan alleges that Bank of America did not

27   modify her loans despite telling her that they would be modified.

28        For these reasons, the court finds that Ms. Khan's fraud claim against Bank of America once

1   again survives.

2                                    **CONCLUSION**

3       Based on the foregoing, the court grants SPS's motion to dismiss and grants in part and denies in

4   part ReconTrust and Bank of America's motion to dismiss.  Ms. Khan's fraud claim against SPS is

5   dismissed without prejudice.  Her fraud claim against ReconTrust is dismissed with prejudice.  Her

6   fraud claim against Bank of America survives.  If she chooses to do so, Ms. Khan must file a Third

7   Amended Complaint by March 9, 2015.

8       **IT IS SO ORDERED.**

9   Dated: February 23, 2015

10                                    _____
                                      LAUREL BEELER
11                                    United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

C 12-01107 LB
ORDER