UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| RAHILA KHAN, | No. C 12-01107 LB |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT** |
| v. | |
| RECONTRUST COMPANY, et al., | [Re: ECF Nos. 133, 137] |
| Defendants. | |
| _____/ | |

**INTRODUCTION**

Plaintiff Rahila Khan, proceeding *pro se*, sued Bank of America, N.A. ("Bank of America") and Select Portfolio Servicing, Inc. ("SPS") (collectively, "Defendants") for claims based on the circumstances surrounding her mortgage loans and her subsequent default on those loans.[1] (*See* Third Amended Complaint ("TAC"), ECF No. 132.[2]) Defendants each move to dismiss Ms. Khan's Third Amended Complaint. Pursuant to Civil Local Rule 7-1(b), the court finds this matter to be suitable for determination without oral argument and vacates the April 23, 2015 hearing. Upon

---

[1] Ms. Khan's previous iterations of the complaint named ReconTrust Company ("ReconTrust") as a defendant, but in its prior order the court dismissed with prejudice Ms. Khan's claim against ReconTrust.

[2] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

consideration of the papers submitted and the applicable legal authority, the court grants Bank of America's and SPS's motions.[3]

**STATEMENT**

**I. MS. KHAN'S ALLEGATIONS**

Ms. Khan alleges that in September 2006, she entered into two mortgage loans (hereinafter, referred to as the "First Loan" and the "Second Loan"), which she used to purchase property at 39959 Michelle Street, Fremont, California. (*See* TAC ¶ 2; SPS RJN, Exs. A, B, ECF No. 95.[4]) In January 2009, Ms. Khan began falling behind on her mortgage payments "because the interest rates were exorbitant and it was financially impossible for her to [make them]." (TAC ¶ 14.)

Thereafter Ms. Khan sought, and/or thought she received, trial or permanent loan modifications of the First Loan on three occasions from Bank of America. (*See* TAC ¶ 15.) On the first occasion, Ms. Khan alleges that she obtained a temporary loan modification in September 2009, made modified payments in October and November 2009, received a permanent loan modification contract

---

[3] All parties have consented to the undersigned's jurisdiction. Consent (ReconTrust and Bank of America), ECF No. 8; Consent (Ms. Khan), ECF No. 9; Consent (SPS), ECF No. 107.

[4] Upon SPS's request, the court previously took judicial notice of the deeds of trust relating to Ms. Khan's two loans, namely, (1) a Deed of Trust that was recorded with the Alameda County Recorder's Office on September 18, 2006 as Document No. 2006351807, and (2) a Deed of Trust that was recorded with the Alameda County Recorder's Office on September 18, 2006 as Document No. 2006351808. (SPS RJN, ECF No. 95; 2/23/2015 Order, ECF No. 109 at 2 n.3.) And upon ReconTrust and Bank of America's request, the court took judicial notice of the following documents: (1) a Deed of Trust that was recorded with the Alameda County Recorder's Office on September 18, 2006 as Document No. 2006351807; (2) an Assignment of Deed that was that was recorded with the Alameda County Recorder's Office on June 28, 2011 as Document No. 2011183101; (3) a Notice of Default that was recorded with the Alameda County Recorder's Office on September 21, 2011 as Document No. 2011268436; (4) a Notice of Trustee's Sale that was recorded with the Alameda County Recorder's Office on December 27, 2011 as Document No. 2011375533; (5) an Assignment of Deed that was recorded with the Alameda County Recorder's Office on August 17, 2012 as Document No. 2012271539; (6) a Substitution of Trustee that was recorded with the Alameda County Recorder's Office on September 24, 2012 as Document No. 2012311867; (7) a Notice of Rescission that was recorded with the Alameda County Recorder's Office on July 1, 2013 as Document No. 2013227770; and (8) the parties' joint case management conference statement that was filed in this action on December 4, 2014. (ReconTrust and Bank of America RJN, ECF No. 97-1.; 2/23/2015 Order, ECF No. 109 at 2 n.3.)

in January 2010, and signed and returned the permanent loan modification contract and provided evidence of her income that same month, but Bank of America nevertheless cancelled the modification, stating that it never received proof of her income (a claim she denies). (*Id*. ¶ 15(A).) On the second occasion, Ms. Khan alleges that she obtained another loan modification in January 2010 and that she made modified payments in February and March 2010, but Bank of America cancelled the modification without giving any reason for its doing so. (*Id*. ¶ 15(B).) On the third occasion, Ms. Khan alleges that she obtained a loan modification in April 2010. (*Id*. ¶ 15(C).) She alleges that she was required to supply additional information, which she did, and that she believed the modification was in place until she received a Notice of Default from ReconTrust. (*Id*.)

A Notice of Default, which was recorded by ReconTrust on September 21, 2011, states that Ms. Khan was behind on her mortgage payments by $151,302.53 as of September 20, 2011. (*Id.* ¶ 16; ReconTrust and Bank of America RJN, Ex. C, ECF No. 97-1.) Attached to the Notice of Default is a declaration of Chamkiri Miller, a Mortgage Servicing Specialist II at Bank of America, who marked a box indicating that Bank of America "tried with due diligence to contact [Ms. Khan] in accordance with California Civil Code § 2923.5." (TAC ¶ 19; ReconTrust and Bank of America RJN, Ex. C, ECF No. 97-1.) The box indicating that Bank of America "has contacted [Ms. Khan] to assess [her] financial situation and explore options for [her] to avoid foreclosure" was not marked. (ReconTrust and Bank of America RJN, Ex. C, ECF No. 97-1.) In any event, Ms. Khan alleges Ms. Miller did not initiate any attempt to try to contact" her. (TAC ¶ 20.)

SPS became the servicer of her loans in June 2012 (roughly three months after she filed this action). (*Id.* ¶ 4(C).) She alleges that Bank of America then "gave" her a loan modification in 2013, "and as soon as [it did, it] sold the loan to SPS." (*Id.* ¶ 26 & Ex. E (letter from SPS (not Bank of America) stating that Ms. Khan was approved for a loan modification and attaching a loan modification agreement for her to sign and return).) "In the contract [she] signed for the modification[, she] was to have a monthly payment that would not go up until the year of 2017[,] but . . . SPS has ignored that portion of the modification contract and raised the monthly mortgage without any explanation and/or reason for doing so." (*Id.*) It has only stated that "it is 'escrow money.'" (*Id.* ¶ 27.) Ms. Khan also alleges that SPS "has been refusing to accept mortgage

payments on the loans, have not recognized the modifications, and continue[s] to add illegal and unexplained charges to the loan payment amount." (*Id.* ¶ 4(c); *see also id.* ¶¶ 27 (SPS "raised the payment twice in 12 months with no reason or explanation" and "stated [that it] did not recognize Bank of America[']s modification and have been handling it without keeping to the contract that was signed"), 30-31 (SPS has refused to accept her mortgage payments and charged her late fees). Ms. Khan has contacted SPS numerous times and has been told to contact someone named "Jennifer" in the legal department, but Jennifer has not returned any of Ms. Khan's messages. (*Id.* ¶ 28.) Instead, SPS has asked Ms. Khan for documentation, such as her marriage license and information related to her husband, that has nothing to do with her loan. (*Id.* ¶ 32.)

## II. PROCEDURAL HISTORY

Ms. Khan filed this action against ReconTrust and Bank of America on March 6, 2012. The court dismissed her original complaint on July 2, 2012, but allowed her to file an amended one. (7/2/2012 Order, ECF No. 16.) She did so on September 6, 2012, and as she did in her original complaint, she alleged claims for (1) fraud, (2) violation of TILA, (3) violation of RESPA, and (4) wrongful foreclosure in violation of California Civil Code §§ 2923.5 and 2924. (FAC, ECF No. 22.) ReconTrust and Bank of America moved to dismiss her First Amended Complaint, and on October 23, 2012, the court granted in part their motion. (10/23/2012 Order, ECF No. 26.) The court dismissed with prejudice Ms. Khan's TILA, RESPA, and wrongful foreclosure claims, but ruled that her fraud claim survived. (*Id.*) ReconTrust and Bank of America then answered the First Amended Complaint. (Answer, ECF No. 30.)

After this, the parties engaged in nearly two years of mediation, with the assistance of the court's ADR program and pro bono counsel. After those negotiations finally failed, Ms. Khan filed a motion asking for permission to file a second amended complaint. (Motion for Leave to File SAC, ECF No. 73.) She sought permission to do two things: (1) add SPS as a defendant to her surviving fraud claim, and (2) add a new fraud claim against Bank of America, ReconTrust, and SPS with respect to a completely separate property that had not been at issue in this action. On November 3, 2014, the court granted her motion insofar as she wanted to add SPS to her surviving fraud claim but denied her motion insofar as she wanted to add claims regarding a separate property. (11/3/2014

1  Order, ECF No. 82.) She filed her Second Amended Complaint on December 4, 2014. (SAC, ECF
2  No. 84.) She brought a single fraud claim against ReconTrust, Bank of America, and SPS. (*Id.* ¶¶
3  27-31.)

4  On December 30, 2014, Ms. Khan filed a motion for leave to file a third amended complaint.
5  (Motion for Leave to File TAC, ECF No. 90.) The court denied her motion on January 7, 2015
6  because it was devoid of any facts, argument, or authority to support it. (1/7/2015 Order, ECF No.
7  92.)

8  Defendants then moved to dismiss Ms. Khan's Second Amended Complaint. (SPS Motion, ECF
9  No. 94; ReconTrust Motion, ECF No. 97.) On February 23, 2015, the court granted SPS's motion
10 and granted in part and denied in part ReconTrust and Bank of America's motion. (2/23/2015
11 Order, ECF No. 109.) Specifically, the court ruled that Ms. Khan's fraud claim against Bank of
12 America survived, dismissed without prejudice her fraud claim against SPS, and dismissed with
13 prejudice her fraud claim against ReconTrust. (*Id.*) The court allowed Ms. Khan to file a Third
14 Amended Complaint by March 9, 2015. (*Id.*)

15 Ms. Khan did on March 13, 2015. (TAC, ECF No. 132.) She brings the following claims
16 against both Bank of America and SPS: (1) fraud and intentional deceit; (2) conversion; (3)
17 intentional infliction of emotional distress; and (4) negligent infliction of emotional distress. (*Id.*)

18 Bank of America and SPS filed motions to dismiss the Third Amended Complaint. (Bank of
19 America Motion, ECF No. 133; SPS Motion, ECF No. 137.) Bank of America also moved to strike
20 some of her requested relief. (Bank of America Motion, ECF No. 133.) Ms. Khan filed opposition
21 briefs, and Bank of America and SPS filed replies. (Oppositions, ECF Nos. 143-45; Bank of
22 America Reply, ECF No. 146; SPS Reply, ECF No. 147.)

## ANALYSIS

### I. LEGAL STANDARD

#### A. Rules 8(a) and 12(b)(6)

26 Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that
27 the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a
28 defendant with "fair notice" of the claims against it and the grounds for relief. *See Bell Atlantic*

*Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation and citation omitted).

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

### B. Rule 12(f)

Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant,

immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010). Motions to strike "are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution of the merits." *Barnes*, 718 F. Supp. 2d at 1170. The ultimate decision under Rule 12(f) lies within the sound discretion of the court. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 51 U.S. 517, 534-35 (1994).

A court may strike from an answer redundant, immaterial, or impertinent defenses. A "redundant" defense is one that includes allegations that are wholly foreign to the issues involved or the needless repetition of allegations. *Sliger v. Prospect Motg., LLC*, 789 F.Supp. 2d 1212, 1216 (E.D. Cal. 2011). An "immaterial" defense is one that has no essential or important relationship to the claim for relief. *See Fantasy*, 984 F.2d at 1527. And an "impertinent" defense is one that includes allegations that do not pertain, and are not necessary, to the issues in question. *Id.*

## II. APPLICATION

### A. Ms. Khan Was Not Given Permission to Allege New Claims for Conversion, Intentional Infliction of Emotional Distress, or Negligent Infliction of Emotional Distress, So the Court Dismisses Them without Prejudice

As recounted above, in light of how long this action has been going on and the case schedule, the court allowed Ms. Khan to file a Second Amended Complaint only to add SPS to her fraud claim (which at that time survived against Bank of America and ReconTrust). She did, and she appropriately brought a single fraud claim against all three Defendants. When the court granted SPS's motion and granted in part Bank of America and ReconTrust's motion to dismiss the Second Amended Complaint, because the court dismissed without prejudice her claim against SPS, the court allowed Ms. Khan to file a Third Amended Complaint. The court did not, however, give Ms. Khan permission to file new, non-fraud claims. Nevertheless, in her Third Amended Complaint Ms. Khan's second, third, and fourth claims are for conversion, intentional infliction of emotional distress, and negligent infliction of emotional distress. The addition of these new, non-fraud claims

is not permitted at this late date.[5] The court therefore dismisses them without prejudice, and Ms. Khan is not allowed to re-allege them now and in this action.

### B. Ms. Khan's Fraud Claim against SPS Is Dismissed with Prejudice

SPS moves to dismiss Ms. Khan's fraud claim. The court previously dismissed this claim without prejudice because her claim focused entirely on Bank of America's conduct, rather than on anything SPS allegedly did. It explained:

> Ms. Khan adds SPS to her fraud claim in the Second Amended Complaint. She does not, however, even mention SPS's name in any of the paragraphs within the claim. (*See* SAC ¶¶ 27-31.) Instead of describing anything that SPS did, Ms. Khan's claim focuses entirely on Bank of America's failure to permanently modify her loan. (*See id.*) In fact, the only time Ms. Khan mentions SPS in her Second Amended Complaint is when she first identifies SPS as a Defendant. There, she alleges that "SPS became the servicer of her loans in June 2012" and that SPS "has been refusing to accept mortgage payments on the loans, have not recognized the modifications, and continue[s] to add illegal and unexplained charges to the loan payment amount." (*Id.* ¶ 4(c).)
>
> Ms. Khan does not sufficiently allege a fraud claim against SPS. As the court explained in its 10/23/2012 Order, "[a] cause of action for fraud [under California law] requires the plaintiff to prove (a) a knowingly false misrepresentation by the defendant, (b) made with the intent to deceive or to induce reliance by the plaintiff, (c) justifiable reliance by the plaintiff, and (d) resulting damages." *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192 (9th Cir. 2001) (quoting *Wilkins v. Nat'l Broadcasting Co., Inc.*, 71 Cal. App. 4th 1066, 1082 (1999)); *see also* Cal. Civ. Code § 1572. Ms. Khan's allegations about SPS do not satisfy these elements. Most glaringly, she does not allege that SPS has made any false misrepresentation—the hallmark of any fraud claim. Her claim against SPS, then, must be dismissed for this reason.
>
> The real issue is whether to let Ms. Khan try again. On one hand, Ms. Khan is proceeding pro se, this was her first attempt to allege a claim against SPS, and she did put forth some SPS-related facts in her opposition, which she presumably could include in an amended complaint. On the other hand, this action has been going on for over three years, the court is fully aware of the factual context for her claim, and her allegations against SPS do not even seem to suggest a fraud claim. All of the fraud-related allegations relate to Bank of America's conduct regarding the loan modification attempts, and SPS was not even in the picture when those occurred. Upon considering these points, the court believes that Ms. Khan should have another

---

[5] Because the court's deadline for seeking leave to amend the pleadings has passed, *see* Case Management and Pretrial Order, ECF No. 72 (setting a deadline of September 26, 2014), Rule 16(b) applies, which means that the deadline "shall not be modified except upon a showing of good cause and by leave of the district judge." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *see* Fed. R. Civ. P. 16(b)(4). Here, Ms. Khan knew about Bank of America's and SPS's conduct well before the September 26, 2014 deadline, so she could have sought to add claims for conversion, intentional infliction of emotional distress, and negligent infliction of emotional distress well before then. The court does not find good cause to allow he to so now.

C 12-01107 LB
ORDER

UNITED STATES DISTRICT COURT
For the Northern District of California

> chance to allege a claim against SPS.   Accordingly, Ms. Khan's fraud claim against SPS is dismissed without prejudice.

(2/23/2015 Order, ECF No. 109 at 8-9 (footnotes omitted).)

In her Third Amended Complaint, Ms. Khan does not fix the problem the court identified in its prior order.  The paragraphs making up her fraud claim still mention only Bank of America's failure to permanently modify her loan in response to her loan modification applications submitted in 2009 and 2010.  (*See* FAC ¶¶ 33-38.)  And while Paragraph 31 incorporates her other, general allegations, and she did add several paragraphs of allegations regarding SPS, *see id.* ¶¶ 26-32, those allegations do not give rise to a plausible fraud claim against SPS.

"A cause of action for fraud [under California law] requires the plaintiff to prove (a) a knowingly false misrepresentation by the defendant, (b) made with the intent to deceive or to induce reliance by the plaintiff, (c) justifiable reliance by the plaintiff, and (d) resulting damages." *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192 (9th Cir. 2001) (quoting *Wilkins v. Nat'l Broadcasting Co., Inc.*, 71 Cal. App. 4th 1066, 1082 (1999)); *see also* Cal. Civ. Code § 1572.  Essentially, she alleges that SPS has not honored the terms of a loan modification that she says Bank of America gave her and instead has been charging her improper fees and has not accepted her mortgage payments.  (*See* FAC ¶¶ 26-32.)  Even with these allegations, she does not allege a claim against SPS for fraud.  She does not, for example, identify a false misrepresentation that SPS made or allege that SPS made it knowingly and with the intent to deceive her or induce her reliance on it.  Without this, her fraud claim against SPS fails.  Because the court has given her two opportunities to allege it, and in light of the late stage of the litigation, the court dismisses it with prejudice.[6]

**C. The Court Strikes Ms. Khan's Prayer for Attorney's Fees, Statutory Damages, and Civil Penalties**

Finally, Bank of America moves to strike Ms. Khan's prayer for attorney's fees, statutory damages, and civil penalties.  This is appropriate.  Ms. Khan is proceeding *pro se*, so she is not

---

[6] In light of Ms. Khan's failure to allege a plausible fraud claim and the court's dismissal of it with prejudice, the court does not need to address SPS's argument that her claim is barred by the applicable statute of limitations.

C 12-01107 LB
ORDER
9

entitled to an award of attorney's fees. *Kay v. Ehrler*, 499 U.S. 432, 435, 438 (1991) (holding that a pro se litigant cannot be awarded attorney's fees, even where the litigant is an attorney and the statute provides for recovery of fees); *see Roylance v. Carney*, No. 5:13-cv-04258-PSG, 2014 WL 1652440, at *6 (N.D. Cal. Apr. 23, 2014) (following *Kay* and striking the *pro se* plaintiff's prayer for attorney's fees). She also fails to provide a basis for awarding statutory damages or civil penalties for any of her claims. Accordingly, the court strikes Ms. Khan's prayer for attorney's fees, statutory damages, and civil penalties.

## CONCLUSION

Based on the foregoing, the court grants SPS's and Bank of America's motions to dismiss. Ms. Khan's conversion, intentional infliction of emotional distress, and negligent infliction of emotional distress claims are dismissed without prejudice. Her fraud claim against SPS is dismissed with prejudice. Her fraud claim against Bank of America survives. Her prayer for attorney's fees, statutory damages, and civil penalties are stricken. Ms. Khan may not file a Fourth Amended Complaint. Bank of America, the only remaining Defendant, shall answer the Third Amended Complaint within 14 days from the date of this order. *See* Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED.**

Dated: April 22, 2015

_____
LAUREL BEELER
United States Magistrate Judge